HORACE G. BIGELOW *v.* CORNELIUS G. W. COMEGYS.

A replevin bond which the statute in force at the time of its execution required to be executed by the party with two or more sureties, is not void because actually signed and delivered by the party with one surety only, the name of another person appearing on the bond as a surety, being a forgery.

The obligor of a bond cannot avoid his liability, by showing that his signature to the bond was procured by the fraud of one of his co-obligors, without any participation on the part of the obligee.

PETITION in error to reverse the judgment of the Superior Court of Cincinnati.

The original proceeding was a suit on a replevin bond, signed by the plaintiff in error as surety for Joseph C. Rich, and given in a certain action of replevin which had been instituted in the common pleas of Hamilton county by said Rich, against Cornelius G. W. Comegys and William Comegys, and in which action judgment had been rendered for the defendants. The name of Solomon Eversull appeared on the replevin bond as co-surety with the plaintiff in error; but on the trial in the superior court, it was proven and admitted that the name of Eversull on the

bond was a forgery. And the defense set up in the court below, by the plaintiff in error, was that he was induced to sign the bond upon the fraudulent representations made to him on the part of Rich, that Eversull, who was known to be a responsible man, had already signed the bond as a surety. And it did not appear that either Cornelius G. W. or William Comegys was present at the execution of the bond by Bigelow, or in any way participated in the fraud. The court below rendered judgment on the bond against the plaintiff in error, and to reverse that judgment this proceeding in error is prosecuted.

*Jones & Eaton,* for plaintiff in error.

*Fox & French,* for defendant in error.

BARTLEY, J.

A replevin bond which the statute, in force at the time, required to be given with two or more sureties, is not void because actually signed and delivered by one surety only.

The obligor of a bond cannot avoid his liability, by showing that he was induced to execute the bond by the fraud of one of his coöbligors, in which the obligee had no participation whatever, upon the settled rule that where one of two persons must suffer loss by the fraud or misconduct of a third person, he who first reposes the confidence and commits the first oversight, must bear the loss.

*Judgment of the court below affirmed.*