Dickman, J.
Samuel Ramsey, plaintiff in error, sold and conveyed to Lafayette Hull, a defendant in error, eighty acres of land in Hancock county, and took from him his promissory notes for the entire purchase money, the payment of which was secured by a mortgage on the premises from the vendee. The notes were not paid at maturity, and the vendee desiring further time for payment, the vendor executed a release of the mortgage, and took new notes from the vendee secured by a new mortgage on the premises. The release and new mortgage were entrusted by the vendor to the vendee, to be by the latter entered fbr record. The vendee caused the release to be immediately recorded, but failed to deliver the new mortgage for record. The release being thus recorded, Hull, without any consideration therefor, made his two certain negotiable promissory notes *686 to B. F. Lynn, a defendant in error, and to secure the payment thereof, executed to him also a 'mortgage on the premises, which was left with the recorder for record on the 26th of November, 1878. On the 17th of January, 1879, Lynn, before maturity, indorsed and, delivered the notes and assigned the mortgage to the defendant in error, Elijah P. Jones, who purchased the same in good faith, for a valuable consideration, and without notice of any defense thereto by way of vendor’s lien, mortgage lien or otherwise. Hull retained in his possession the unrecorded mortgage entrusted to him by Ramsey, until after the mortgage to Lynn had been recorded, when he returned the same to Ramsey, who filed it for record on the 21st of April, 1879.
Upon the non-payment at its maturity of one of the notes indorsed to him, Jones brought suit in the court of common pleas of Hancock 'county, making Hull and his wife and Lynn and Ramsey parties defendant, and praying for judgment on the note, and for a foreclosure of the mortgage and sale of the real estate, and for the application of the proceeds to the payment of liens in the order of their priority. The cause was' heard by the court — a jury, not having been demanded — and subject to the payment of taxes and costs, the mortgage of the plaintiff was adjudged and decreed to be the first and best lien on the premises. The district court affirmed the judgment of the common pleas, and this proceeding is instituted to reverse the judgments of those courts.
Upon the foregoing state of facts, as disclosed by the record, the question arises, what are the rights of Jones as a lienholder, and what his claim as to priority ? No defense is made by Lynn or Hull to the mortgage sought to be foreclosed. In the original action, neither of them demurred or answered to the petition of the plaintiff, and neither of them derSurred or replied to the answer of Ramsey, setting up his claim as a mortgagee. The issue, therefore, is solely between Jones and Ramsey as to precedency of lien.
As against his vendee, Ramsey did not trust for security to a vendor’s lien alone, but took from the purchaser a *687 mortgage for the purchase money. By recording the mortgage, his equity as a vendor became clothed with the legal estate, and as long as the mortgage remained unsatisfied, no question could arise as to the priority of his lien over any junior equity or legal estate acquired by a subsequent purchaser or mortgagee. But by executing and putting upon record a release of his mortgage, he virtually represented to the world that the property was free from incumbrance so far as he was concerned. It was equivalent to a notice to Jones, who had bought the notes and mortgage for a valuable consideration, that the purchase money had been paid in full by the vendee, and that he, the vendor, no longer asserted any lien or claim upon the premises. Having placed the muniments of title in the hands of his vendee, and put him in possession of the premises, and afterwards by release of the purchase money mortgage, clothed the vendee, to all appearance, with absolute ownership, Ramsey should be estopped from denying the binding force of the release, and from asserting his unrecorded mortgage in defense against one who had confided in the record, and parted with his money upon the faith of the vendor’s acts.
In the leading case of Pickard v. Sears, 6 Ad. & E., 469, it was enunciated as a clear rule of law, by Lord Denman, in delivering judgment, that where one by his words or conduct wilfully causes another to believe the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time. When Ramsey caused the mortgage for the purchase money to be recorded, no responsibility could arise from his failure to take further steps to warn subsequent purchasers. They might fairly be presumed, to take the means pointed out by law, for acquiring all the knowledge as to the state of the title which it would be important for them to have. And so, when he released the same mortgage and caused the release to be recorded, he gave notice to subsequent purchasers *688 and mortgagees that was equally effective and binding, that his mortgage lien was extinguished, and that they might deal with his grantee in safety.
In Swartz v. Leist, 13 Ohio St., 419, the court in passing' upon the rights of a mortgagee who, retaining the legal interest in the mortgage subsequently entered satisfaction and discharge upon the record of the mortgage, say, “ So far as respects the lien of the mortgage, the mortgagee is clearly estopped by his recorded release, from denying, as against subsequent purchasers in good faith, the payment thus evidenced by his own act.” It is true that there was a second mortgage made to Ramsey by Hull, but it was not filed with tire recorder until several months after the mortgage by Hull to Lynn was executed, delivered and recorded, and subsequently assigned to Jones. It is urged, however, that a fraud was practiced by Hull upon his vendor in retaining the second-mortgage in his possession until the mortgage to Lynn might gain priority of record. Doubtless there was great laches on the part of Hull, if not a betrayal of the trust reposed in him by his vendor. But he was the agent of Ramsey, charged by him with the duty of causing the release and mortgage to be duly recorded. If he neglected his duty and was unfaithful to his trust, his, principal should suffer, and not a subsequent purchaser in good faith without notice.’ The settled rule must govern, that whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it. Bigelow v. Comegys, 5 Ohio St., 256; Selser v. Brock, 3 Id., 302.
In the case of Resor v. The O. & M. R. R. Co., 17 Ohio St., 139, where a vendor put his vendee into possession, and executed and placed in his hands a deed of conveyance for the land sold, with an understanding between them that the deed should not be considered as delivered, or become effectual, until the purchase money should be paid; and the vendee subsequently put the deed upon record, and, without paying the purchase money, mortgaged the land to bond fide mortagees for value, and without notice ; it was *689 held, that such vendor is estopped, as between him and the mortgagees, from denying the delivery of the deed, or asserting any claim to the land. In the case at bar, Ramsey by his carelessness or undue confidence in his vendee, was the means of Jones being deceived in the purchase of the notes and mortgage, and he should therefore bear the loss rather than the innocent purchaser.
In the view which we take of the case at bar, although the notes and mortgage were executed to Lynn without consideration, that fact should not prejudice the rights of Jones, as no knowledge of it was brought to him before or at the time of his purchase, and as he was in all respects a bona fide purchaser without notice. The lien of the plaintiff in error under his second mortgage, we think, should be postponed to that of Jones under the Lynn mortgage, and that the judgments of the court of common pleas and district court should be affirmed.

Judgment accordingly.