JOHNSON COUNTY V. CHAMBERLAIN BANKING HOUSE ET AL.

FILED OCTOBER 5, 1905. No. 13,911.

1. **Counties: RIGHT TO SUE.** A county in its corporate character is a competent and proper party to sue for the enforcement of all contracts and obligations in its behalf, unless the statute expressly provides otherwise. This right is not impaired by the fact that the obligation may be, or is required by law to be, discharged by payment of a liquidated sum to the county treasurer or to his order, upon demand.

2. **Pleading.** A petition which alleges that a contract of a corporation was made, executed and delivered by it by its officer and agent, naming him, is not demurrable on the ground that authority by the agent does not sufficiently appear.

ERROR to the district court for Johnson county: ALBERT H. BABCOCK, JUDGE. *Reversed.*

*J. C. Moore* and *Hugh La Master,* for plaintiff in error.

*L. C. Chapman, J. B. Douglas, Frank L. Dinsmore, S. P. Davidson* and *Ed. M. Tracy, contra.*

AMES, C.

This is an action against the principal and sureties upon a bond executed pursuant to the statute to secure the deposit of moneys by the treasurer of Johnson county in the defendant bank. The district court sustained a demurrer and dimissed the action upon the two grounds: First, that the plaintiff was without right to maintain suit upon the instrument for a breach of its conditions, upholding the contention of the defendants that the county treasurer, being the sole official custodian of county funds, can alone prosecute an action. We think the objection is clearly insufficient. The statute expressly provides, and this court has repeatedly held, that the treasurer is not the custodian of and is not responsible for the safe-keeping of moneys deposited in a bank pursuant to the statute, if the bank has given a bond as the law prescribes. *In re State Treasurer's Settlement,* 51 Neb. 116; *County of Hall v. Thomssen,* 63 Neb. 787. When a bank has executed such a bond as the statute prescribes, the duty of the treasurer to deposit the public funds therein becomes an imperative one, performance of which will, if necessary, be compelled by mandamus (*State v. Bartley,* 39 Neb. 353), and the relation between the bank and the county becomes the ordinary one of debtor and creditor. We think that neither argument nor citation of authority is requisite for the support of the proposition that the county in its corporate capacity

is a competent and proper party to sue for the enforcement of all contracts and obligations in its behalf, unless the statute expressly provides otherwise.   This right is not impaired by the fact that the obligation may be, or is required by law to be, discharged by payment of a liquidated sum to the treasurer or to his order, upon demand.

The second ground of demurrer is that the bond, a copy of which is set out in the petition, was signed by the corporate name of the principal, "by Charles M. Chamberlain, Cash."; and it is urged that it does not sufficiently appear that Chamberlain had authority to execute the instrument.   That, however, is an objection to be made by answer and evidence, and not by demurrer.   The petition alleges, in substance, that the corporation by its cashier made, executed and delivered the bond for the uses and upon the considerations pleaded.   If such is the fact the bank, which can contract only by its agents, is, without doubt, bound, and the fact, in the present state of the case, stands admitted upon the face of the record.

We recommend therefore that the judgment of the district court be reversed and the cause remanded for further proceedings.

LETTON and OLDHAM, CC., concur.

By the Court:   For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.