## BINGHAM *v.* KIMBALL.

PLEADING.—*Answer.*— *Consideration.*—Suit on a promissory note.  Answer, that the note was given by the defendant to the plaintiff, "without any consideration of any kind *to this defendant.*"

*Held,* that the answer was bad on demurrer.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not disturb a verdict upon the weight of the evidence of witnesses who testified before the court below.

APPEAL from the Marion Circuit Court.

GREGORY, C. J.—When this case was here before (17 Ind. 396), on a demurrer to the answer, the only point determined was, that the answer showed that the note was given for an existing debt against the Indiana State Board of Agriculture for lumber previously sold by the assignors of the appellee, and that therefore there was no consideration to support the note.

After the case was certified back to the court below, the appellant answered, among other things, that "the writing sued on in the complaint was given by this defendant to plaintiff's assignors without any consideration of any kind *to this defendant.*"  A demurrer was sustained to this paragraph, and this is assigned for error.

It was not necessary that the consideration for the note should pass to the defendant.  The consideration must be some benefit to the party by whom the promise is made, or to a third person at his instance; or some detriment sustained at the instance of the party promising, by the party in whose favor the promise is made.

The court below overruled the appellant's motion for a new trial, and that is complained of.

The evidence, which is in the record, is conflicting as to whom the credit was given to for the lumber, the balance of the purchase-money of which is the consideration of the note.  The appellant testified, that the lumber was purchased by him as the agent of the Indiana State Board of

Agriculture, which fact was fully understood by the appellee's assignors, the payees of the note. The form of the note, to some extent, seems to corroborate this statement. But at least one witness testifies, that the credit was given solely to the appellant. Whatever we might think of the weight of the evidence, under the oft repeated rule of this court, we cannot disturb the verdict without overruling a long line of decisions.

Judgment affirmed, with costs.

*J. E. McDonald, A. L. Roache, E. M. McDonald, T. A. Hendricks* and *J. W. Nichol,* for appellant.

*J. L. Ketcham,* for appellee.