Woods, J.
— Suit by the appellee, against the appellants and Isaac N. Poe, begun in Hamilton county and taken by change of venue to Madison county. The appellants denied the execution of the note, and filed other special pleas, the nature of which will become apparent as we proceed. Error is assigned only upon the overruling of the motion for a new trial, and the counsel for the appellants insists only upon errors claimed to “arise out of the instructions given and refused.”
The following are the instructions complained of:
“1st.- This action is brought by the plaintiff on two joint promissory notes, claimed to have been issued jointly by all the defendants, to the plaintiff. The defendant Poe makes no defence. The defendant Helms claims that he never executed the notes in suit, that is, he never signed them himself, nor authorized any one to sign them for him, and that he never affirmed or ratified the signature after it was so placed to said notes, in any manner whatever. The-other defendant, Cardwell, claims that his co-defendant Helms’ name or signature ivas feloniously placed to said notes, by some person not known to them, that is, the name of said Helms was forged to said-notes, and that, as. *327 the notes were therefore void as to Helms, he, Cardwell, was also released by said forgery, and the plaintiff ought not to recover against him, as the name of Helms Avas on Avhen he signed. The said defendants also filed a joint an-SAver, setting up that the plaintiff procured both of said defendants to execute the notes through fraud ; that the notes Avere presented in blank, and so signed, Avith the agreement that they be filled up for certain sums, when the plaintiff, after the signatures were obtained, filled the blanks Avith different and greater sums than Avere agreed upon, and put a false date to said notes, making them mature sooner than by the agreement they were to fall due. Now, if these or any one of the material facts in this joint answer be proven true by a preponderance of the evidence, you should find for the said defendants; otherwise you should find for the plaintiff, unless you further find that Helms’ name to the notes was forged, and that he never executed said notes, then he is not bound, and you should find for him, and for the plaintiff as against the other defendants, if she has proven, by a preponderance of all the testimony, that the notes Avere executed by the other defendants, as alleged in her complaint.
“2d. The notes in suit, being joint notes executed by several parties, one of the names thereon being forged, they Avould be void as to the person whose name Avas forged, but valid as to the other makers, unless at the time she accepted said notes the plaintiff had knoAvledge of the forgery, or in some way participated in the fraud of wrongfully obtaining the said signature ; but, if you find that the plaintiff received and accepted said notes in good faith and without any knoAvledge or information that any of the signatures were not genuine or false, being innocent of any Avrong, the law protects her, and you should find for the plaintiff against those who did sign the notes.
“3d. Where several persons execute a joint note, and *328 it is delivered to and received by the payee in good faith, the pax-ties who signed are not discharged because the name of one is forged to such note, and it makes no difference whether the forged name stands first or last on such note, for the law implies an assertion on the part of each who signs, that all the names preceding his are genuine, for it is not to be presumed that a man would affix his name to a note when the prior names were forged ; and, if one of two innocent persons have to lose by the wrong of a third, the law places the loss on the party who had the opportunity to avoid the wrong and did not do it, as every one ought to know when he signs a note with other signatures thereon, that all are genuine, and, failing to do so, is guilty of neglect, and must bear the consequences ; and if you find from the evidence in this case, that such were the facts as to said defendant Cardwell, he is liable, and you should find against him on said issue.
“4th. Where sureties sign a note, with an agreement that other persons shall sign the same before it is delivered, and the note is delivered without being signed by such other persons, it will still be binding on such as sign it, unless the payee of the note is a party to the agreement. Hence, if you should find that the notes in suit were signed by the defendants Helms and Cardwell, under an agreement with the principal that other persons should sign the said note before it should be delivered, and that it was delivered without such other signatures, to the principal in the notes, and the plaintiff knew nothing of such agreement, and was no party thereto, then it could not bind the plaintiff, and your verdict should be for the plaintiff.”
The appellants also excepted to the refusal of the court to give the following instructions :
“5th. If 3ou believe from the evidence that Isaac S. Poe signed the defendant Helms’ name to the notes.sued on, without the consent of Helms, then you should find for both *329 the defendants, unless the defendant Cardwell signed the notes knowing that Helms’ name was forged.
“7th. And if these notes were signed by Poe in the name of Helms, without such proper authority from Helms, then you should find for both Helms and Cardwell, if Cardwell signed in the honest belief that the signature of, Helms was genuine.
“8th. And if the notes in suit were sent by the plaintiff, either filled up or not filled up, as to the amount of the same, to the defendant Poe with a request by the plaintiff for Poe to get security on them, then, for the purpose of obtaining such security, the said Poe, was the agent of the plaintiff, and the plaintiff can reap no benefit by the fraudulent act or forgery of said Poe.”
Verdict and judgment against both appellants.
The court committed no error in reference to these instructions, either in giving or in refusing.
The doctrine of the instructions given is expressed in the following proposition, namely: When the name of one of two or more obligors in a bond, note, or other writing obligatory, has been forged, the supposed co-obligor, though a surety only, and though he signed in the belief that the forged name was genuine, is nevertheless bound, if the payee or obligee accepted the instrument without notice of the forgery. This doctrine is supported either directly or in principle by the following authorities: Veazie v. Willis, 6 Gray, 90; The York County M. F. Ins. Co. v. Brooks, 3 Am. Law Reg. N. S. 399 (Me.) ; Franklin Bank v. Stevens, 39 Me. 532 ; Stoner v. Millikin, 85 Ill. 218 ; Selser v. Brock, 3 Ohio St. 302 ; Bigelow v. Comegys, 5 Ohio St. 256 ; Hagar v. Mounts, .3 Blackf. 57; Harter v. Moore, 5 Blackf. 367; Carr v. Moore, 2 Ind. 602; The State, ex rel., v. Van Pelt, 1 Ind. 304; Deardorff v. Foresman, 24 Ind. 481; The State, ex rel., v. Pepper, 31 Ind. 76 ; Craig v. Hobbs, 44 Ind. 363 ; Brandt Suretyship, sec. 358.
*330 The appellants insist on a contrary doctrine, relying mainly for authoritative support upon the case of Seely v. The People, 27 Ill. 173. That case goes fully to the extent claimed for it, but it was confessedly decided without citation or knowledge of any supporting authority, and' has recently been expressly overruled by the case of Stoner v. Millikin, supra, which, besides a citation of adjudicated cases, is supported by reasons much more satisfactory and conclusive.
Counsel have referred us to the remarks of Judge Red-field, in 3 Am. L. Reg. N. S. p. 404, in a note to Insurance Company v. Brooks, supra,“wherein he says: “We confess to a strong inclination, in questions affecting specialties and simple contracts not negotiable, to favor the English rule. It seems to us that too many of the American cases, in striving to require good faith and diligence of the obligor or promisor, have quite too much overlooked the corresponding obligations on the part of the obligee. We can see no> good reason why the obligee, who, in accepting the bond, trusts to the representations of the principal obligor as to the execution of the instrument by the others, who are known to stand as mere sureties, should be any more entitled to screen himself from the consequences of those representations proving false, than should the obligor. The true rule in such case seems to be that each party may stand upon the fads of the case, unless he has been guilty of fraudulent misconduct. This is certainly the present English rule upon the subject, and' the one which we believe will ultimately prevail in this country.”
The English cases cited can hardly be said to go so far. But, suppose it be granted that each party may stand on the facts of the case, what meaning shall we attach to the phrase, and what consequences must follow? More can hardly be intended than that, in the absence of fraudulent conduct or intent on his part, the surety who signs after a. *331 forged name shall be deemed to have been no more and no-less careless than the obligee who accepts the paper with the forged name thereon, and neither shall be deemed to have-owed any duty to the other to detect and expose the false signature. In other words, they stand, on the facts of the case, alike deceived and alike blameless or in fault. What are the consequences as to their rights under the contract? Shall the surety be discharged, and the obligee get nothing? It will not do to say that the consideration on which the surety signed has failed in any part. The consideration as-to him, as well as the principal debtor, moved from the creditor, and is in no degree diminished. But, if we confound consideration with motive or inducement, it still may not be-said to have wholly failed, because, in the language of Judge-.' Eedfield, in note to Seely v. The People, 2 Am. L. Reg. N. S. 346, “he is supposed to have assumed the obligation,, in part, at least, upon the credit of the party for whom he-became surety,” and can not have relied on his supposed; co-obligor for more than a contributive share of the liability*
The plain solution of the question, in accordance with legal principles and natural justice, is that the parties will be left in the predicament into which they have voluntarily come, and neither being able to claim that he was misled or deceived by the other, their contract will be enforced as they made it. There is no equity in the case which can interrupt, the course of the law.
There is nothing in the claim of counsel, that Poe was the-agent of the plaintiff: in procuring the execution of the notes, in suit; and that, therefore, the second instruction given was wrong, and that the eighth one requested should have-been given. It is not true, as is assumed, that if a creditor sends notes, “either filled up or not filled up as to the amount of the same,” to his debtor, with a request that he get security on them, the debtor becomes, for the purpose of getting the security, the agent of the creditor. This is too plain to *332 admit of argument. No authority is cited in support of the position advanced, and we deem it quite improbable that there is any. .
' It is claimed that the court erred in modifying the ninth instruction requested on behalf of the appellants. We give enough of the instruction to show the point: “If Helms, on the first trial of this cause, testified that he believed his signature to the notes was genuine, in the mistaken belief that the notes in suit were the first set of notes sent by Poe to the plaintiff, and on that trial there was no testimony given by Poe or others disclosing the fact that the plaintiff claimed to have had two sets of notes with Helms’ signature to them,' then such testimony by Helms should (not impair his testimony now in denying the genuineness of his signature.)” Instead of the words in parenthesis, it is claimed that the court inserted and gave the following, viz.: “be considered by you in determining whether Helms’ testimony, as then given, was in conflict with his present testimony.”
If the question were properly before us we would not hesitate in approving the action of the court in this respect. It is proper generally, that the court instruct a jury that they may consider a fact or an item or items of evidence in determining- a question to which the fact or evidence is pertinent; but, as a general rule, it is not proper for the court, to instruct what the evidence or any part of it proves. That is to be determined by the jury. Canada v. Curry, ante, p. 246.
The question, however, is not in the i-ecord. The 325th ■section of the code provides that “A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be ¡sufficient to write at the close of each instruction, ‘refused and excepted to,’ or ‘given and excepted to,’ which shall be ¡signed by the patty or his attorney.” This provision does not in terms apply to exceptions taken to the modification of instructions, and it is not clear but the better interpretation *333 would require a bill of exceptions, in order to save any question in reference to such modifications. However, in the cases of Patterson v. The Indianapolis, etc.,Plank Road Co., 56 Ind. 20, and Wallace v. Goff, 71 Ind. 292, it is indicated that it will be deemed enough to write at the close of the modification the words, “Modification given and excepted to,” signed by the appellants or their attorneys. But the words which it is claimed were inserted and excepted to in the case at bar are not signed or authenticated either by the court or attorneys.
We find no error in the record. The judgment of the circuit court is therefore -affirmed, with costs.