Filed June 27, 1885.

---

No. 11,026.

## HUNTER *v.* FITZMAURICE.

SUPREME COURT.—*New Trial.—Assignment of Error.*—Overruling a motion for a new trial, assigning as cause therefor error in sustaining a demurrer to an answer, when assigned for error in the Supreme Court, presents no question on such answer.

Hunter v. Fitzmaurice.

PROMISSORY NOTE.—*Surety.*—*Forged Signature.*—*Acceptance without Notice.*—When the name of one of two or more obligors on a note is forged, the supposed co-obligor, though a surety only, and though he signed in the belief that the forged name was genuine, is nevertheless bound, if the payee accepted the note without notice of the forgery.

SAME.—*Agency.*—The fact that the maker of a note, at the mutual desire and request of the proposed payee and surety, takes it to obtain the signature of an additional surety, does not constitute him the agent of such payee.

SAME.—*Innocent Parties.*—Where one of two innocent parties holds the legal obligation of the other, and the law can not divide the loss, he is in the situation of advantage who holds the obligation.

From the Ripley Circuit Court.

*J. O. Cravens,* for appellant.

*W. D. Willson* and *C. H. Willson,* for appellee.

MITCHELL, C. J.—This suit was brought by Fitzmaurice against Durbin, Hunter and Wernke, to recover the amount of a promissory note. In the complaint it is averred that the note was executed on the 25th day of June, 1880. A copy of the note filed with and referred to as an exhibit in the complaint bears date June 25th, 1882, and shows that the note was to run six months from its date. As appears from a copy of the summons set out in the record, the suit was commenced November 3d, 1882. There was no demurrer to the complaint. An answer of *non est factum* was filed by Wernke, and a separate special answer by Hunter. A demurrer was sustained to the separate answer of Hunter, after which an additional answer was filed by him, to which a demurrer was also sustained. Refusing to plead further, there was judgment in favor of Wernke, and against Durbin and Hunter.

There was a motion for a new trial by Hunter, assigning as cause therefor that the court erred in sustaining the demurrers to his separate answers, and the overruling of this motion is assigned for error here. Under repeated rulings, this assignment presents no question on the answers.

The second assignment of error, omitting the reference to the pages and lines of the record therein set out, is as fol-

lows: "That the court erred in sustaining the appellee's demurrer to the answer of the appellant. This demurrer ought to have been sustained to the complaint. It is bad, because the note sued on was not due. *Town of Brazil* v. *Kress*, 55 Ind. 14. Demurrer searches the record. Authority is not needed on this proposition. The court erred in overruling the appellant's demurrer to the additional paragraph of answer."

Under the assignment which is set out above, it is contended the court erred in not carrying the demurrer back and sustaining it to the complaint. The defect in the complaint insisted on is that suit was brought on the note before it fell due. Upon this question, if it was properly assigned, the ruling in *Trentman* v. *Fletcher*, 100 Ind. 105, is applicable. *Stockwell* v. *State, ex rel.*, 101 Ind. 1. We are of opinion, however, that the assignment of error above set out presents no question except the rulings on the answer.

The substance of the first paragraph of Hunter's answer was that he signed the note as surety for Durbin; that at the time he signed the note he, Durbin, and Fitzmaurice were present; that Hunter, in the presence of Fitzmaurice, said to Durbin that he would not go surety on the note with him alone, and that Fitzmaurice also interposed, and said he wished additional security besides Hunter. Thereupon Durbin proposed to have Wernke sign as maker with him, upon which Hunter said to him and Fitzmaurice that he would sign the note upon condition, and with the express understanding, that Wernke should sign it, and that Fitzmaurice should not loan any money to Durbin or receive the note until Wernke had signed it, and that it was then agreed that he was not to be bound by the note until it was so signed, and that upon this express consideration Hunter signed it; that Durbin then took the note with the knowledge of Fitzmaurice in order to procure Wernke's signature; that Wernke never did sign it, but that his signature was forged to the note and returned to the payee.

The additional answer of Hunter contains substantially the same averments as those above set out, with the addition that it was agreed between Hunter, Durbin and Fitzmaurice that Durbin should take the note, after it was signed by him and Hunter, and procure the signature of Wernke, and that Hunter notified the payee that he should not accept the note until Wernke had signed it, and that Fitzmaurice remarked he would not loan Durbin the money without other surety than Hunter, and directed Durbin to take the note and obtain the signature of Wernke; that Durbin did take it for that purpose, and returned it with Wernke's signature forged to it.    There is no claim that the payee of the note had any notice of the forgery at the time he received the note.    It is contended that Durbin was, under the circumstances, as much the agent of Fitzmaurice as of Hunter to procure the signature of Wernke.

It seems to us the contention between the parties here is foreclosed at all points by the decision in the case of *Helms* v. *Wayne Agr'l Co.*, 73 Ind. 325 (38 Am. R. 147).    In that case it was said: "When the name of one of two or more obligors in a bond, note, or other writing obligatory, has been forged, the supposed co-obligor, though a surety only, and though he signed in the belief that the forged name was genuine, is nevertheless bound, if the payee or obligee accepted the instrument without notice of the forgery."

The proposition above stated is sound in principle and well supported by authority.    Besides, the case contains a valuable exposition of the reason upon which the rule rests, to which nothing can be added.    Adapting the language there used to the case before us, we say there is nothing in the claim of counsel that Durbin was the agent of the plaintiff in procuring the signature of Wernke to the note.

The case bears no analogy to *Cline* v. *Guthrie*, 42 Ind. 227 (13 Am. R. 357), relied on by appellant.    In that case the signature of the maker was procured by a fraud practiced on him by the payee, who obtained possession of the note by force and

wrong; while here no pretence of wrong or bad faith is imputed to the payee. The facts averred in the answer do not warrant the assumption that Durbin became his agent in any sense to procure the signature of Wernke. If it were true, as claimed, that he became as much the agent of one as of the other, it would hardly do to say that of the two innocent principals the plaintiff must bear the entire loss, notwithstanding his contract. In such case, as one of the innocent parties holds the legal obligation of the other, and as the law can not divide the loss, he is in the situation of advantage who holds the obligation. As before stated, the facts averred do not constitute a case of agency. The ruling of the court was right, and the judgment is affirmed, with costs.

Filed June 27, 1885.