Filed Sept. 20, 1893.

———————◆———————

No. 898.

## WHEELER *v.* BARR ET AL.

PROMISSORY NOTE.—*Defense, Want of Consideration.—Personal Answer. —Insufficiency of.*—Where one of the defendants to an action on a promissory note answered that "he executed the note sued on without any consideration whatever to him moving," etc., such answer, being a personal one, is insufficient, it being immaterial whether there was a consideration moving to such defendant, if there was a sufficient consideration for the note moving to some third party, with defendant's consent.

SAME.—*Estoppel.—Payee Real Party in Interest.*—The makers of a

promissory note are estopped to deny that the payee is the real party in interest.

SPECIAL FINDING.—*Sustained by the Evidence.*—That the finding is not sustained by the evidence, see opinion.

From the Whitley Circuit Court.

*S. A. Haas, J. W. Arthur* and *J. D. Wurtsbaugh,* for appellant.

*T. R. Marshall* and *W. F. McNagney,* for appellees.

REINHARD, J.—The appellant sued Joshua Simon, principal, and the appellees, Barr and Orndorff, sureties, on a promissory note.   Simon made no appearance, and judgment was rendered against him upon default.   Barr filed an answer of *non est factum,* and also a cross-complaint asking the cancellation of  the note, in so far as it affected him.   Orndorff filed an answer in one paragraph, to which a demurrer was sustained.   Whereupon he filed an amended answer in three paragraphs.   The appellant demurred, separately, to each paragraph of this amended answer.   The demurrer was overruled as to the first and second paragraphs, and sustained as to the third, and proper exceptions were reserved upon these rulings.

Orndorff also filed a cross-complaint, to which a demurrer was overruled by the court, and an exception taken by the appellant.   The cause was put at issue by the filing of the appellant's replies to the answers and answers to the cross-complaints of the appellees Barr and Orndorff.

There was a trial by the court and finding for the defendants below, who are the appellees here.

Appellant's motion for a new trial having been overruled, the court rendered judgment upon the finding.

Error is predicated upon the overruling of the demurrer to the amended answer of appellee Orndorff.  It reads as follows:   "And for further and second para-

graph of answer, the defendant Orndorff says he executed the note sued on without any consideration whatever to him moving. Wherefore he prays judgment."

*Anderson* v. *Meeker*, 31 Ind. 245, was a suit on a note against the maker, who answered "that the defendant received no consideration for the note." The trial court sustained a demurrer to this answer, and the Supreme Court sustained the ruling, saying: "The issue tendered by the paragraph was personal. · If the note, which was executed by appellant, had a consideration to support it, that was sufficient, whether received by the appellant or some one else with his consent."

*Bingham* v. *Kimball*, 33 Ind. 184, was an action on a promissory note. The defendant answered that the note was given by the defendant, to the plaintiff, "without any consideration of any kind to this defendant." The court sustained a demurrer to this answer, and the ruling was affirmed on appeal. The Supreme Court, in passing upon the question, said: "It was not necessary that the consideration for the note should pass to the defendant. The consideration must be some benefit to the party by whom the promise is made, or to a third person at his instance; or some detriment sustained at the instance of the party promising, by the party in whose favor the promise is made."

In *Moyer* v. *Brand*, 102 Ind. 301, the action was on a joint promissory note. One of the defendants answered "that as to him it was executed without any consideration whatever." To this answer a demurrer was sustained. The judgment was reversed upon this ruling, the Supreme Court distinguishing the two cases first above cited from the one then under consideration, upon the ground that the answer in the last case was broader than those in the others, and was equivalent to an averment that the note was executed without any consider-

ation whatever, while the other answers limited the aver-
ment of no consideration to the person of the pleader
exclusively. The cases first cited are, in the last named
case, conceded to declare the law correctly, and we think
they cover the case now under consideration.

Whether there was a consideration moving to the ap-
pellee Orndorff or not, is immaterial. If there was a
sufficient consideration for the note, whether the same
moved to Orndorff or the principal maker, or any other
person, it is all the law requires. See, also, Works' Pr.
and Pl., section 600.

We are, therefore, impelled to the conclusion that the
court erred in overruling the demurrer to this paragraph
of the answer.

It is further insisted that the finding is not sustained
by the evidence, and this question is properly presented
by the record.

The first paragraph of Orndorff's amended answer al-
leges that Orndorff signed the note as cosurety with
Barr, and under the belief and upon the representation
of the appellant that Barr signed it also, but that as to
Barr it was a forgery; that Simon, the principal maker
of the note, was the brother-in-law and agent of the ap-
pellant to procure the signature of Barr and Orndorff,
and knew before its delivery to him that Barr did not
execute the same, and that Orndorff only signed the note
on the faith of Barr's signature thereto. By reason of
these things, it is averred that the consideration has
failed, etc.

Appellant strenuously contends that there is no evi-
dence, whatever, to sustain these averments as to knowl-
edge on his part. This answer raised an affirmative is-
sue on the part of Orndorff, and he assumed the burden
of proving the material averments thus pleaded. If the
appellant accepted the note without notice of the forgery,

Orndorff is bound by his signature, notwithstanding the fact that the name of Barr had been forged, and Orndorff signed the note in the belief that Barr's signature was genuine. *Helms* v. *Wayne Agricultural Co.*, 73 Ind. 325; *Hunter* v. *Fitzmaurice*, 102 Ind. 449; *Schmidt* v. *Archer*, 113 Ind. 365.

We have carefully examined the entire evidence in this case and have failed to find anything whatever from which the trial court could have legitimately inferred that the appellant had any knowledge or notice of any kind that Barr had not signed the note.

The fact that the appellant occasionally saw Barr before and after the note was executed, and did not notify him that he had a note with his signature to it, can not be construed as sufficient proof that appellant had such notice when he accepted the note.

There was no attempt to prove any admission on the part of appellant, either by his silence when spoken to upon the subject of the alleged forgery, or by any statement of his own.

So far as the evidence shows, the subject was never mentioned or discussed with appellant or in his presence or hearing, nor is it claimed that appellant ever made such an admission to any one.

It can not be true that a party holding the note of another, or about to receive such note, is required to notify him thereof, and that, failing to do so, he may be estopped from afterwards collecting such note. Nor do we see how the failure to mention the fact could, under the circumstances, be taken as an admission, or even an indication, that the holder knew the maker's signature to be a forgery.

Nor is there in the record any evidence tending to prove an agency upon the part of Simon, the principal

maker of the note, for the appellant, the payee, as alleged
in Orndorff's answer.    The answer avers that Simon was
the brother-in-law and agent of appellant in procuring
the signatures, and had full knowledge of the forgery
when the note was taken.

The evidence shows, without contradiction, that Simon
married a niece of Wheeler, and sustained no other re-
lationship to him; that Simon, wishing to borrow some
money of appellant, sent him the note with his own
name upon it and those of Barr and Orndorff, and that
Wheeler accepted the note and sent him the money.

There is some testimony tending to show that Simon
was then insolvent, and that appellant knew it ; but we
do not see how an inference could be drawn from this,
either that Simon was the agent of Wheeler or that
Wheeler knew or had good reason to believe that the
name of Barr, one of the supposed sureties, was not gen-
uine but had been forged.    But conceding that Wheeler
had requested Simon to procure Barr as a surety, and
Simon, instead of doing so, had forged Barr's name to the
note, this would not constitute Simon the agent of
Wheeler, so as to charge the latter with notice that the
signature of Barr was a forged one.    See *Hunter* v. *Fitz-
maurice, supra.*

There was evidence from which the court might have
concluded that the money for which the note was given
was not the property of Wheeler, the payee of the note,
but of his sister.    Wheeler testified that his sister had
left some money with him to be loaned out at interest,
and he seemed to be willing to concede that this was the
identical money, but claimed that the note was his prop-
erty, and that he was responsible to his sister for the
amount he had thus received from her.

We are informed by appellant's counsel, in their brief,
that the court based its finding for the appellees largely

upon the ground that the appellant was shown not to be the real party in interest. As the appellee's brief is silent upon this point, and as the record does not disclose the grounds of the finding, we are of course unable to know the real basis of the learned court's conclusion. But as this court is in duty bound to sustain the judgment of the trial court, if it can be done upon any legal hypothesis, it will not be improper for us to inquire into the point suggested with a view of determining whether a proper solution of the question should result in the affirmance of the case.

We are, however, unable to come to the conclusion that if the money represented by the note was the property of appellant's sister the plaintiff must fail.

In the first place, the appellees did not tender any issue of that kind by their answers or cross-complaints; but even if they had done so, we do not see how it could avail them.

The decided cases firmly establish the rule that the makers of a note are estopped to deny that the payee of the instrument is the real party in interest. *Offutt* v. *Rucker*, 2 Ind. App. 350, and cases cited.

We are of the opinion that the appellant's motion for a new trial should have been sustained.

Judgment reversed.

Filed June 21, 1893.