## RICH ET AL. v. FRY ET UX.

[No. 24,207. Filed February 4, 1925. Rehearing denied June
11, 1925.]

1. VENDOR AND PURCHASER.—*Allegations of complaint held to
   show waiver of strict performance of some preliminary condi-
   tions of contract for sale of farm.*—In action to recover pur-
   chase money for farm sold on contract containing conditions
   precedent, allegations that, on date fixed by contract for per-
   formance, plaintiffs put purchaser's agent in possession of
   the lands and that purchaser was still in possession of them,
   showed a waiver of strict performance of some of the prelim-
   inary conditions of the contract, which thereby was executed
   in part. p. 310.

2. VENDOR AND PURCHASER.—*Performance of covenant to deliver
   abstracts showing and deeds conveying good title held suf-
   ficiently alleged.*—In an action to recover purchase money for
   farm, performance of covenant to deliver abstracts showing
   and deeds conveying a good merchantable title *held* sufficiently
   alleged. p. 310.

3. VENDOR AND PURCHASER.—*That plaintiff had good title suf-
   ficiently alleged to withstand demurrer under §360 Burns
   1926.*—In an action to recover purchase money for farm,
   that plaintiff had and furnished good title was sufficiently
   alleged to withstand demurrer under §360 Burns 1926 by
   averment that he delivered abstracts showing him to have
   such a title and tendered deeds executed by himself and wife
   conveying such a title, but probably subject to a motion to
   make more specific under that section. p. 310.

4. PRINCIPAL AND AGENT.—*That person was defendant's agent
   in purchase of farm sufficiently averred to withstand demurrer,
   but probably subject to motion to make more specific.*—In an
   action for the purchase money for a farm, that a named person
   was the agent of the defendant in the negotiations for the
   sale was sufficiently averred to withstand a demurrer by de-
   scribing him as such agent in connection with the acts alleged
   to have been done by him, but probably subject to motion to
   make more specific as provided by §360 Burns 1926, §343a
   Burns' Supp. 1921. p. 310.

5. REFORMATION OF INSTRUMENTS.—*Allegations held to show
   mistake in contract that was subject to reformation.*—Allega-
   tions in complaint to recover purchase money of farm that
   the parties agreed for the purchase and sale of land in range
   two and that purchaser was put in possession thereof, but
   that, by mistake of the scrivener who prepared the contract,
   it was made to read "range one" and that both parties under-

stood it as describing the land sold, sufficiently shows a mistake that was subject to reformation. p. 310.

6. BILLS AND NOTES.—*Promissory note is deemed to have been executed for a valuable consideration.*—Under §11383 Burns 1926, §9089x Burns 1914, any promissory note that is within the provisions of the Negotiable Instruments Law is deemed *prima facie* to have been given for a valuable consideration. p. 311.

7. REFORMATION OF INSTRUMENTS.—*Wife who was one of the payees of note given for part of purchase price of farm was entitled to join in suit for reformation of the contract of sale.* —Where a note given for part of the purchase price of a farm was made to the vendor and his wife, she, being entitled to join in an action to enforce it, was also entitled to join in a complaint for reformation of the purchase contract, thereby to show that, in fact, there was a valuable consideration for its execution. p. 311.

8. PARTIES.—*"Defect of parties" means too few parties, not too many.*—A "defect of parties" which is a ground for demurrer means too few parties, not too many. p. 311.

9. PARTIES.—*Demurrer for "defect of parties" must designate the parties to be joined.*—A demurrer for "defect of parties," to be sufficient, must designate the proper parties to be joined. p. 311.

10. PLEADING.—*Motion to paragraph complaint or to separate causes of action stated not sufficient unless different causes of action are designated.*—A motion to require the plaintiff to separate his complaint into paragraphs or to separate the causes of action stated therein is not sufficient unless it specifies how the complaint ought to be divided or designates the different causes of action to be stated separately. p. 311.

11. APPEAL.—*Overruling motion to separate complaint into paragraphs not reversible error, even though sufficient reason existed for asking separation.*—Overruling a motion to separate a complaint into paragraphs is not cause for reversing the judgment, even though sufficient reason existed for asking such separation. p. 311.

12. ACTION.—*Matter of docketing separately two or more causes of action improperly joined is largely within discretion of trial court.*—The matter of docketing separately two or more different causes of action improperly joined is largely controlled by the sound legal discretion of the trial court. p. 311.

13. ACTION.—*Court's discretion not abused in refusing to order separation of causes of action on a note and for reformation of contract where note was executed as part consideration for the contract.*—In an action on a note given as part of the

purchase price of a farm and asking that the contract of sale be reformed because of mistake therein, the court did not abuse its discretion in denying separation of causes of action, the note being executed at the same time and as a part of the contract, and reformation of the contract was necessary to make out a cause of action on the note as against a plea of want of consideration.  p. 311.

14.  TRIAL.—*Not error to overrule motion to try legal and equitable issues separately when they are closely connected and can all be submitted at the same time.*—In an action on a note given as a part of the purchase price of a farm where plaintiffs' complaint asked a reformation of the contract of sale because of a mistake in the description of the land, the court did not err in overruling a motion to try the issues of law separately from the equitable issues, as the note and contract and the issues were so closely connected that it was not improper to try all the issues at the same time.  p. 312.

15.  TRIAL.—*Legal and equitable issues that are separable may be tried at same time or at different times as the court may direct.*—Even where legal and equitable issues in a cause are separable, they may be tried "at the same time or at different times, as the court may direct" (§437 Burns 1926, §409 R. S. 1881).  p. 312.

16.  PLEADING.—*Overruling motion to make certain allegations of a pleading more specific not error when allegations are immaterial.*—It is not error to overrule a motion to make certain allegations of a pleading more specific when the allegations are not material.  p. 312.

17.  PLEADING.—*Reply held sufficient as argumentative denial of answer that note sued on was without consideration.*—In an action on a note given as part of the purchase price of a farm, plaintiff's reply to a plea of want of consideration alleging that it was agreed that he should accept the note in suit as part of the purchase price of the land, that the defendants executed it in lieu of the first payment thereof by their codefendant, and that plaintiff accepted it as part payment of the consideration for the land, is sufficient as an argumentative denial of the plea.  p. 312.

18.  PLEADING.—*Overruling demurrer to argumentative denial proper.*—It is not error to overrule a demurrer for want of facts to an argumentative denial.  p. 312.

19.  PLEADING.—*Sufficiency of reply not impaired because of containing immaterial averments.*—In an action on a note, the sufficiency of a paragraph of reply to an answer of want of consideration was not impaired because of containing other

averments which had no proper bearing on the question of whether there was a valuable consideration for the note. p. 312.

20. APPEAL.—*Defendant against whom no judgment was rendered could not question the verdict against his codefendants.* —In an action for the purchase price of a farm and on a note given in part payment thereof, the purchaser could not question the verdict on the note where no judgment on the note was rendered against him. p. 313.

21. BILLS AND NOTES.—*Note may be supported by consideration though not received by the makers.*—A note may be supported by a consideration though not received by the makers, it being sufficient if a consideration passed to some other person at their instance. p. 313.

22. TRIAL.—*Finding that certain amount was due from defendant to plaintiff and that plaintiff held vendor's lien for that amount need not state that he was entitled to foreclose the lien.*—In an action for the purchase price of a farm, the court having made a finding that a certain sum was due from defendant to plaintiff and that plaintiff held a vendor's lien on the land for that amount, it was not necessary for the finding to state that he was entitled to foreclose the lien, as that would be a conclusion of law from the facts stated. p. 314.

23. NEW TRIAL.—*Motion for new trial properly overruled though no direct testimony in proof of certain facts in issue where they may be inferred from the evidence.*—A motion for a new trial may be properly overruled although there was no direct testimony in proof of certain facts in issue where there was evidence from which they might reasonably be inferred. p. 314.

From Starke Circuit Court; *Smith N. Stevens,* Special Judge.

Action by Andrew Fry and wife against Jacob D. Rich and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Reidelbach Bros., John M. Spangler, Pickens, Davidson, Gause & Pickens* and *Ben F. Long,* for appellants.

*George Burson, James W. Noel, Hubert Hickam* and *Alan W. Boyd,* for appellees.

EWBANK, J.—This was an action by appellee Fry and his wife to recover purchase money alleged to be due on a contract between Fry and appellant (defendant)

Rich for the purchase of a farm, which the complaint averred had been fully performed on plaintiffs' part by putting Rich in possession of the premises, and delivering to him abstracts showing that plaintiff had a good merchantable title, and executing and tendering deeds conveying the lands to him; also seeking to reform an alleged mistake in writing one word in the sale contract; and also seeking to recover on a promissory note payable to Fry and his wife bearing the signatures of appellants (defendants) Nelson and Badger, alleged to have been given in part payment of the purchase price for the farm, and to have been executed as part of the contract at the time it was signed, and to be referred to therein as given for that purpose. The jury returned a verdict against all three of the defendants for the amount due on the note, with interest and attorney fees, and also against Rich "on the contract in suit" for the remainder of the agreed price not covered by the note, with interest thereon. Assuming that the cause was of equitable cognizance, the court thereupon made a general finding for plaintiffs as against the makers of the note, Nelson and Badger, for the said principal, interest and attorney fees, in the total amount of $1,190, without relief, and against Rich on his contract of purchase for the rest of the purchase money, with interest, in the amount of $12,720, and that plaintiff held a vendor's lien for the latter amount upon the lands sold; and it also found that the contract of purchase should be reformed as prayed. Judgment was rendered accordingly. The errors assigned challenge the overruling of appellants' several demurrers to the complaint, the overruling of their motion to require that the second paragraph of reply be made more specific, and of their motion for a new trial, and of each of certain motions addressed to the pleadings and to the judgment, respectively.

The complaint alleged, in substance, that the plaintiff, Andrew Fry, sold to the defendant Rich a certain described eighty-acre tract of land, for the agreed price of $13,000, clear of all incumbrances except a mortgage thereon of $3,000; that in reducing the agreement to writing, the scrivener wrote into the description of the land that it was in "range one west," whereas the agreement was for the sale of an identified tract in "range two west" that was otherwise properly described; that, as so written, the contract was signed by defendant Rich, and by the plaintiff Andrew Fry, who understood in its execution that it described the land actually sold; that it recited a covenant by Fry to convey said lands to defendant by a good and sufficient warranty deed, executed by himself and his wife, which should be delivered to defendant on or before March 1, 1921, and to furnish defendant a complete abstract of plaintiff's title to said premises, brought down to date, and certified by a competent abstractor, showing a merchantable title to said premises, free and clear of all incumbrances except the mortgage for $3,000; that possession should be delivered to defendant Rich on or before March 1, 1921, and that the deed should be delivered at the office of the Nelson Land Company at Monticello; and that defendant Rich should pay to Fry "$16,000 in the manner following: $1,000 evidenced by a promissory note of even date, due March 1st, 1921, bearing 6% interest, and the balance of $12,000 in cash on or before March 1st, 1921," and on receipt of the deed as therein provided. This contract was dated September 16, 1920, and was signed by Andrew Fry, and by "Jacob D. Rich by James Nelson." The complaint alleged that it was executed by defendant Rich, by Nelson as his agent and attorney in fact, and its execution stands admitted on the record. The complaint further alleged that, at the same time and as part of the same transaction, Nelson, act-

ing for and on behalf of Rich, together with Badger, executed their promissory note for $1,000 payable to Fry and his wife, on or before March 1, 1921, at the State Bank of Monticello, Indiana, with interest at six per cent. and attorney fees, a copy of which was made an exhibit as part of the complaint, and that it was given as part of and to be credited upon the purchase price to be paid by Rich for said land; that on March 1, 1921, plaintiff Fry delivered to Nelson, as agent for Rich, an abstract showing that Fry had a good merchantable title to said land, and tendered to him a good and sufficient warranty deed, duly executed by himself and his wife, conveying to Rich a fee simple title to said land, and at that time surrendered to Nelson, as agent for Rich, "the possession of said premises, and which he is at this time in full possession and enjoyment, and he now and here brings into court for the defendant, Rich, said deed for said lands." It further alleged that the note was long past due and was wholly unpaid, that $100 was due thereon as an attorney fee, and that defendant Rich, though often requested to pay the remainder of the purchase money, had failed and refused to pay any part of it, and that there remained due and unpaid thereof $12,120, principal and interest. The prayer was for reformation of the contract by changing to "two" the word "one" mistakenly written into the description, for the recovery as against Rich of $12,120, and for the foreclosure of a vendor's lien for that amount upon the land sold, and the recovery as against all three of the defendants, without relief from appraisement laws, of the face of the note, with interest and attorneys fees, "and for all other proper relief."

The allegation that, on the date fixed by the contract for performance, plaintiff put the purchaser's agent in possession of the lands, and that the purchaser was

still in full possession and enjoyment of them,
1-4.   showed a waiver of strict performance of the pre-
liminary conditions of the contract, which there-
by was executed in part.   Performance of the condition
to deliver abstracts showing and deeds conveying a good
merchantable title was sufficiently alleged.   And the
written contract set out as part of the complaint con-
tained a sufficient undertaking by defendant Rich to
pay to plaintiff, on or before March 1, 1921, as the pur-
chase price for his farm, $12,000 and interest thereon,
for which amount judgment was recovered.   That plain-
tiff had a good title was sufficiently alleged to withstand
a general demurrer by averring that he delivered to
defendant's agent abstracts showing him to have such
a title, and tendered deeds executed by himself and his
wife, conveying such a title; and that Nelson was the
agent of Fry in these matters was also sufficiently
averred to withstand a demurrer by the allegations de-
scribing him as such agent in connection with the acts
alleged to have been done with relation to the contract.
No motion to make the complaint more specific having
been filed, no question is presented as to whether these
averments would withstand such a motion.   §360 Burns
1926, §343a Burns' Supp. 1921, §1, Acts 1915 p. 123.

The allegation that the parties agreed for the sale of
the land in range two, and that the purchaser was put
in possession thereof, but that by mistake of the
5.   writer in writing the contract it was made to
read "range one," and that the parties under-
stood it as describing the land in range two in the
execution of such contract, sufficiently showed a mistake
that was subject to reformation.   *Parish* v. *Camplin*
(1894), 139 Ind. 1, 11, 37 N. E. 607; *Allen* v. *Bollen-
bacher* (1912), 49 Ind. App. 589, 594, 97 N. E. 817;
*Born* v. *Schrenkeisen* (1888), 110 N. Y. 55, 17 N.
E. 339.

The promissory note sued on is deemed *prima facie* to have been executed for a valuable consideration (§11383 Burns 1926, §9089x Burns 1914, §24, 6, 7. Acts 1913 p. 120), and the contrary was not shown by the facts alleged. The wife of plaintiff Fry was a payee of the note sued on, and entitled to join in an action to enforce it, and to reform the contract of which it was alleged to constitute a part, thereby to show that, in fact, there was a valuable consideration for its execution.

The "defect of parties" for which a complaint may be demurrable is too few parties; not too many. *Frankel* v. *Garrard* (1903), 160 Ind. 209, 66 N. E. 687. 8, 9. And to be sufficient a demurrer for that cause must designate the proper parties to be joined, which appellants' demurrers did not do. *State, ex rel.,* v. *McClelland, Trustee* (1894), 138 Ind. 395, 399, 37 N. E. 799. No error was committed in overruling the several demurrers to the complaint.

A motion to paragraph the complaint or to separate the causes of action stated in the complaint is not sufficient in form unless it specifies what are the different causes to be so stated separately, or so 10-13. treated as different actions. *Scott* v. *Indianapolis Wagon Works* (1874), 48 Ind. 75, 79. Overruling a motion to separate the complaint into paragraphs is not cause for reversing the judgment, even though sufficient reason exists for asking such separation. *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 138, 100 N. E. 681; *Aetna Ins. Co.* v. *Indiana Nat. Life Ins. Co.* (1921), 191 Ind. 554, 556, 133 N. E. 4, 22 A. L. R. 402. The matter of docketing separately two or more different causes of action improperly joined is largely controlled by the sound legal discretion of the trial court. *Langsdale* v. *Woollen, Admr.* (1889), 120 Ind. 16, 18, 21 N. E. 659; *Cargar* v. *Fee* (1894), 140 Ind. 572, 575, 39

N. E. 93. And the court did not abuse its discretion in this case, since the note sued on was alleged to have been executed at the same time and as part of the contract, which contained a reference to it, and reformation of the contract was necessary to make out a cause of action on the note, as against the plea of lack of consideration interposed by defendants.

A motion that the cause be submitted to the jury for trial was sustained, and all the issues joined were so submitted. A motion by the defendants Badger and Nelson that the "issues of fact herein made by the plaintiffs' complaint and the defendants' answers herein as to the execution of the note set out and described in plaintiffs' complaint be tried separately from the issues of law and fact of equitable jurisdiction made by plaintiffs' complaint and the answers of defendants" was overruled. But since the "execution of the note" was not put in issue, the only answers filed by Badger and Nelson, respectively, being pleas of general denial not sworn to and pleas that the note sued on was given without any consideration, there could be no error in overruling this motion. And, as was suggested above, the execution of the note and contract were so connected, and the sufficiency of the consideration for the note was so dependent upon the reformation of the contract, that it was not improper to try all the issues at the same time. Even where the legal and equitable issues in a case are separable and are tried separately, they may be tried "at the same time or at different times, as the court may direct." §437 Burns 1926, §418 Burns 1914, §409 R. S. 1881.

. To the answers of defendants Badger and Nelson that the note was given without consideration, plaintiffs filed a reply of general denial, and a second paragraph stating that it was given and accepted as payment of $1,000 of the purchase price of the lands

sold to Rich, pursuant to the provision in the sale contract that payment should be made of $1,000 by a note of the same date as the contract. This paragraph also alleged certain facts not necessary to be proved in order to show that the note really was given for a valuable consideration, and defendants Badger and Nelson filed a motion to make these latter allegations more specific. It was not error to overrule this motion, the allegations sought to be made specific not being material. *Tecumseh, etc., Mining Co.* v. *Buck* (1922), 192 Ind. 122, 125, 135 N. E. 481. The averments in this paragraph of reply that the parties, Nelson, Badger and plaintiff, agreed that plaintiff should accept the note in suit as part of the purchase price of the lands sold to Rich, and that Badger and Nelson executed it in lieu of the first payament thereon by Rich, and that plaintiff accepted it as a payment of $1,000 of the consideration to be paid by Rich for the land under the written contract of sale, were sufficient as an argumentative denial of the plea that the note was given without any consideration, and the other averments were not inconsistent with such denial. It was not error to overrule the demurrers for alleged want of facts to such a paragraph of argumentative denial. *Heed, Rec.,* v. *Gummere, Admx.* (1922), 192 Ind. 227, 232, 136 N. E. 5; *State, ex rel.,* v. *Daly* (1911), 175 Ind. 108, 111, 93 N. E. 539. The mere fact that there were other averments which had no proper bearing on the question whether or not the note sued on was collectible did not prevent the reply from being sufficient to withstand the demurrer.

No judgment on the note having been rendered against Rich he is not in a position to question the verdict and finding so far as the note is concerned.

20, 21. There was evidence that Badger and Nelson executed the note as part payment of the purchase money for the land sold by Fry to Rich, and that it was

delivered to Fry and accepted by him as such payment. This sufficiently proved that the note was given for a valuable consideration. It is not necessary that the consideration for a note shall be received by the makers. If a consideration passed to some other person at their instance that is sufficient. *Bingham* v. *Kimball* (1870), 33 Ind. 184; *Moyer* v. *Brand* (1885), 102 Ind. 301, 304, 26 N. E. 125; *Wheeler* v. *Barr* (1893), 7 Ind. App. 381, 384, 34 N. E. 591; *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 30, 103 N. E. 869; *D. L. Adams Co.* v. *Federal Glass Co.* (1913), 180 Ind. 576, 580, 103 N. E. 414.

The court having made a finding that the sum of $12,000 of purchase money for the land sold by plaintiff to defendant Rich by the contract in suit, with interest thereon, in the total amount of $12,720, was due from said defendant to plaintiff, and was unpaid, and that plaintiff had and held a vendor's lien on the land for that amount, it was not necessary for the finding also to state the conclusion that he was entitled to a foreclosure of such lien. That would be a conclusion of law from the facts stated.

While there was no direct testimony in proof of certain facts that were in issue, there was evidence from which they might reasonably be inferred, and the court did not err in overruling the motion for a new trial.

The judgment is affirmed.

ON PETITION FOR REHEARING.

EWBANK, J.—The agency of appellant Nelson for his codefendant Rich was established, not only by the testimony of appellee Fry, but by that of Nelson and Rich, as well. All three testified to interviews between Rich and Fry two months after the date fixed by the contract of sale for paying the purchase money, when the subject of consummating the purchase was under consideration,

and Nelson "did the talking" for Rich.   The undisputed evidence was that Nelson was a real estate agent, and that in all the negotiations on behalf of Rich, as well as in making the original contract in his name, Nelson acted as the agent and representative of Rich.   There was evidence that on March 1, 1921, the date named in the contract as the time for payment of the purchase money, an abstract of Fry's title and a warranty deed of conveyance for the land had been tendered to Nelson as such agent, and that, assuming to act as agent for Rich, he then stipulated in writing, in behalf of Rich, that in case this abstract should not comply with the conditions set out in the contract, Fry should have a reasonable time to cure the defects in it; that, at that time, Rich was put in possession of the land; that in repeated interviews for months afterward, Nelson, in the presence of Rich and assuming to speak for him, continued to negotiate for further time in which to pay the purchase money, Nelson testifying that a month later, when Rich was present, an offer was made to Fry "to pay $1,000 within ten days and extend the time of the final settlement to the 1st of March, 1922," and Rich testifying that an offer was made "to give them $1,000 and have an option until the 1st of March, 1922," while Fry testified that, both Nelson and Rich being present, they wanted to extend the time for the consummation of the contract to March 1, 1922, but would not meet the terms which he laid down for such an extension. But there was no evidence that the sufficiency of the abstract so furnished, or of the title as thereby shown, was ever challenged in any way.   A warranty deed in due form, signed and acknowledged by Fry and his wife, purporting to convey the land to Rich, subject to the mortgage for $3,000, was introduced in evidence, with proof that it was the one tendered.   And there is not the slightest evidence indicating that Rich or Nelson

or anybody else ever challenged the sufficiency of Fry's title as shown by the abstract, and as the deed purported to convey it. These facts fairly support the inference which the trial court drew that appellants admitted and acknowledged that the abstract and the title of Fry as shown by it and conveyed by the deed were sufficient as a full compliance with the contract in that respect, and that they refused to perform the contract for other reasons than their insufficiency.

The petition for a rehearing is overruled.