CHARLES W. RAUSCHENBACH *v.* THE ESTATE OF W. W. MCDANIEL, *Deceased*

(No. 9061)

Submitted October 8, 1940. Decided November 26, 1940.

*Ward Lanham,* for plaintiff in error.
*W. Merle Watkins,* for defendant in error.

MAXWELL, JUDGE:

This proceeding involves a negotiable note for $3,025.00, due one year after date, executed by W. W. McDaniel, now deceased, to his son-in-law, Charles W. Rauschenbach. To the action of the Circuit Court of Taylor County denying to Rauschenbach the right to enforce payment of the note by the estate of the decedent, this writ of error was awarded.

For many years prior to 1935, W. W. McDaniel and his wife resided on a farm owned by him a few miles from the City of Grafton in what is now the basin of the Tygarts Valley Dam, which structure was completed in 1937. The McDaniels reared six children, Edward C. McDaniel, Hugh McDaniel, Everett L. McDaniel, Lena Rauschenbach, wife of the plaintiff in error, Alice Stansberry and

Elva Moose. In 1935, all of the children then being grown and residing away from the parental home, the parents left the farm, and took up their abode first at the home of the daughter, Elva Moose, and her husband, in Bridgeport, Harrison County. At that place the elder people resided until April, 1936, when, owing to the illness of Mrs. McDaniel and consequent lack of suitable sleeping quarters for Mr. McDaniel in the Moose home, he went to the home of Alice Stansberry and her husband in Barbour County, where he remained until September of that year. Late in April Mrs. McDaniel died at the Moose residence.

In September, 1936, Mr. McDaniel went to Hammond, Indiana, for the purpose of residing with his daughter, Lena, and her husband, the plaintiff in error, Charles W. Rauschenbach, who is a medical practitioner in that city. On December 12, 1936, while residing at the Rauschenbach home, Mr. McDaniel executed the controversial note which carries on its face the recitals "for monies advanced prior to this date", and "for value received, with interest * * * from date." Mr. McDaniel died at the Rauschenbach home January 28, 1937.

In due course, in the County Court of Taylor County, Edward C. McDaniel, having been regularly appointed, qualified as administrator of the personal estate of W. W. McDaniel, deceased. In pursuance of statute, the estate was referred to a commissioner of accounts for settlement. Dr. Rauschenbach then filed his note before the commissioner as a claim against the estate. Thereupon, the administrator, opposing this claim, filed a counter-affidavit wherein it is averred that there was no consideration for the note, and denied any and all liability of the estate on account of the note. After full hearing the commissioner disallowed the note, but made a finding in favor of Dr. Rauschenbach for $475.00 on account of certain expenditures which had been made by Dr. Rauschenbach and his wife for the use and benefit of Mr. McDaniel. (These items hereinafter discussed.) The county court affirmed the commissioner. On appellate review of these findings the circuit court withheld approval not only of the note but of the

items in Dr. Rauschenbach's favor which had been ascertained by the commissioner and approved by the county court. Inasmuch as Dr. Rauschenbach filed no claim other than the note, we are of opinion that the situation does not permit of the segregation of these items, being part of those which were taken into account by Mr. McDaniel when he executed the note. No *quantum meruit* is involved. So, the controversy must be appraised solely in respect of the note, and that means, of course, either allowance or disallowance thereof *in toto*.

The record presents no question of fraud or undue influence in the procurement of the note, or of mental incapacity of the maker of the note at the time of its execution. The sole defense is want of consideration.

What is meant by want of consideration? Want of consideration embraces transactions where no consideration was intended to pass. *In re Killeen's Estate*, 310 Pa. 182, 165 Atl. 34. Such condition is to be distinguished from failure of consideration, which means that something presumably of value moving from the obligee to the obligor was intended, but did not materialize. Consult case just cited, also 7 Am. Jurisprudence, p. 949. At bar we have on the face of the note the recitals: "for monies advanced prior to this date" and "for value received * * *." By using these phrases, the maker of the note made clear that he deemed there was valuable consideration for the execution of this instrument. Dr. Henry W. Eggers of Hammond, Indiana, was present at the time of the execution and delivery of the note. He testified that Mr. McDaniel then told him that "the Government was taking his farm over and since he was getting some money for the farm he wanted to pay Dr. Rauschenbach or see that he got the money he had loaned him over a period of years."

After Dr. Rauschenbach had offered the note in evidence before the commissioner of accounts, he was cross-examined respecting the same by counsel for the estate. On cross-examination he testified that Mr. McDaniel at his own instance listed the items which he desired to take into account in determining the total of the note, the

preparation whereof he requested. Under further cross-examination, and on request therefor, the claimant produced that list and testified at length respecting the items thereof.

For a number of years the Rauschenbachs had contributed liberally to Mr. and Mrs. McDaniel. But the evidence makes it clear that a total of at least two-thirds of the amount of the note was made up of items which represented gifts which the Rauschenbachs had made to her parents, such as Christmas presents, birthday presents, and pleasure trips. These were pure gratuities and entailed not the slightest obligation on the part of the elder people to repay the same. These items, therefore, can form no basis of consideration for the execution of the note. But in Mr. McDaniel's list making up the total of the face of the note there are other details which rest on a different footing. These aggregate $760.00, and are inclusive not only of the $475.00 which the commissioner thought should be allowed to Dr. Rauschenbach on account of boarding Mr. McDaniel in the Rauschenbach home for several months and for medical attention and nurse services paid for by the Rauschenbachs for his benefit, but as well other items, embracing sums paid by the Rauschenbachs to her two sisters on account of board furnished in their respective homes to Mr. and Mrs. McDaniel, and expenditures made for Mr. and Mrs. McDaniel when they were ill.

Counsel may differ respecting the exact total of the group of expenditures which the court thus considers representative of actual, *bona fide,* money consideration for the note. But the precise amount is not consequential. The important subject which is presented by this factual analysis lies in the legal question whether, in the light of the fact that the larger number of the items listed by Mr. McDaniel when he made the note must be eliminated because they were clearly gratuities, the record nevertheless discloses sufficient background of valuable consideration to support the note.

Valid consideration supporting a note need not be of balanced value with the instrument. *Good* v. *Dyer,* 137 Va.

114, 119 S. E. 277; 7 Am. Jurisprudence, sec. 234, p. 926; 10 Corpus Juris Secumdum, sec. 148 (c), p. 603. Where a note is supported by a valuable consideration, there being no showing of fraud, mistake, undue influence, or mental incapacity of the maker, mere inadequacy of consideration will not defeat the obligation. 1 Daniel on Negotiable Instruments, 7th Ed., sec. 197; 3 Ruling Case Law, p. 932 and cases there cited. Here, the note itself imports valuable consideration; Code of West Virginia, 46-2-1; Burns' Indiana Statutes 1933, sec. 19-201; *Rich* v. *Fry,* 196 Ind. 303, 146 N. E. 393; though, of course, between parties privy to a negotiable note the consideration is open to inquiry. 1 Daniel on Negotiable Instruments, 7th Ed., sec. 190. Since there has been pleaded by the personal representative of the maker of the note the defense of want of consideration, the burden of proving absence of consideration for the execution of the note devolved on the defendant. 1 Daniel on Negotiable Instruments, 7th Ed., sec. 180; Brannan's Negotiable Instruments Law, 6th Ed., sec. 24, p. 363. This burden the administrator has failed to carry.

Notwithstanding the list formulated by the maker of the note in determining the amount thereof specifies money items only, and the note on its face recites that it was for "monies" advanced prior to that date, there was unquestionably in the background of the transaction the matter of personal service which had been rendered to Mr. McDaniel by both the payee of the note and his wife. Though a note carries on its face a recital that it was given for money loaned, the true consideration may be shown by either party. *Miller* v. *McKenzie,* 95 N. Y. 575, 47 Am. Rep. 85.

That the Rauschenbachs had at all times been most kind to him is undisputed. In one instance, when Mr. McDaniel was seriously ill from pneumonia, Mrs. Rauschenbach, herself a trained nurse, hastened from Indiana to West Virginia, to be at her father's bedside, and there she rendered valuable assistance until he had recovered. This was in addition to the payment by Dr. Rauschenbach of the expenses of medical attention, nurse assistance and

drugs incident to that illness. So there was ample reason, on the basis of services rendered, for a spirit of appreciation and liberality by Mr. McDaniel when he executed the note to Dr. Rauschenbach. In making the note, Mr. McDaniel, desiring to be both just and liberal in reimbursing the Rauschenbachs, and knowing that either he or his estate would speedily come into substantial funds through the taking over of his farm by the federal government at a sum approximating $11,000.00, fixed the amount of the note at $3,025.00. That was his own evaluation of what he owed the Rauschenbachs. It was purely a matter for him to determine, and what he did should not be torn down. His estate must pay the note.

Supplementing the deductions above set forth, there is another principle. At the time of the execution of the note Mr. McDaniel was eighty-two years of age. Naturally, he then had a limited expectancy of life. He felt obligated to his daughter, Lena Rauschenbach, and her husband. Being desirious of doing toward them what he deemed just, he executed the note under the circumstances and in the setting hereinabove set forth. This savors so much of the characteristics of a bequest that the basis therefor, involving services and personal benefits, must remain a matter within the sole discretion of the maker of the note, the question of total absence of consideration being eliminated and no other defense having been advanced. Thus this Court held in *Bade* v. *Feay,* 63 W. Va. 166, 61 S. E. 348: "A promissory note given to a near relative, by a person in declining years, by way of compensation or reward for services rendered and to be rendered, is so much in the nature of a testamentary disposition of property, that, ordinarily, the maker's estimate of the value of the services will not be disturbed on the ground of disparity between the actual value thereof and the amount of the note." That principle has been applied in later West Virginia cases. Consider: *Hancock* v. *Snider,* 101 W. Va. 535, 541, 133 S. E. 131; *Ogdin* v. *First Nat. Bank,* 103 W. Va. 665, 671, 138 S. E. 376; *Smith* v. *Pew,* 116 W. Va. 734, 738, 183 S. E. 53.

On behalf of the administrator, in support of his defense of want of consideration, reliance is placed on the case of *Gooch* v. *Gooch,* 70 W. Va. 38, 73 S. E. 56, 59, 37 L. R. A. (N. S.) 930. That case involved a note presented by a mother against her deceased son's estate. The note had been executed by him, after attaining his majority, to cover expenditures which she had made for him years previously while he was acquiring his education. Speaking for this Court, Judge Brannon stated in the opinion: "There was not even a moral obligation on the part of the son to pay the mother for money paid for his education." The note was disallowed for want of valuable consideration. The factual situation there stands in contrast from the situation at bar, wherein, as above pointed out, there was valuable consideration for the execution of the note, and, in addition, the close analogy to a testamentary disposal of property.

For the reasons presented we reverse the judgment of the circuit court and remand the case for the entry of a final order not at variance with the principles above stated.

*Reversed and remanded.*