BAKER ET AL. *v.* ACKERMAN

[No. 18,369. Filed March 24, 1953. Rehearing denied
April 24, 1953. Transfer denied May 26, 1953.]

*Randolph H. Mayes,* of Terre Haute, for appellant.

*Robert H. Duffy,* of Terre Haute, for appellee.

KENDALL, J.—This is an action brought by appellee to enforce a mechanic's lien. Appellee was granted a judgment of foreclosure.

The error assigned is the overruling of appellants' motion for a new trial. The grounds for the motion for new trial were as follows: (1) The overruling of appellants' demurrer to the complaint, and (2) that the finding and judgment was not sustained by sufficient evidence and was, therefore, contrary to law.

The attention of the court is directed to the fact that the transcript contains no evidence of the filing of a bill of exceptions with the Clerk of the trial court.

As stated in Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice*, §§2286 and 2288, ch. 45:

"§2286. Filing the Bill of Exceptions. . . . Rule 23, provides that: 'Every bill of exceptions tendered prior to the filing of the transcript in the appellate tribunal shall, if correct, be signed by the judge and filed with the clerk, which filing may be evidenced by an order book entry or the clerk's certificate.' This rule supersedes the statutory requirements and was made for the purpose of simplifying the filing of the bill. *Walner* v. *Capron* (1946), 224 Ind. 267, 66 N. E. 2d 64 . . ."

"§2288. Effect of Failure to File. . . . If no question is presented by the appeal other than those which depend upon a bill of exceptions, the judgment below will be affirmed. *Hunter* v. *Stump* (1948), 118 Ind. App. 84, 76 N. E. 2d 696; *Smith* v. *Berner* (1949), 119 Ind. App. 247, 85 N. E. 2d 516; *Pension Fund of Disciples of Christ* v. *Gulley* (1948), 76 N. E. 2d 694, superseded on other grounds in 226 Ind. 415, 81 N. E. 2d 676 . . ."

Appellants' contention that finding and judgment was not sustained by sufficient evidence and was, there-

fore, contrary to law, is dependent upon the bill of exceptions. Therefore under the record before us, no issue is presented as to this contention.

The sole remaining question involves error, if any, in the overruling of appellants' demurrer. Grounds for demurrer were as follows:

"That the first paragraph of plaintiff's amended complaint herein does not state facts sufficient to constitute a cause of action against the defendants."

The demurrer is supported by memorandum which asserts that the Williamson Heater Company and not the appellee is the real party in interest, as is made to appear by the contract between the appellants and appellee, which contract is made a part of the complaint.

The issue of real party in interest may be raised by demurrer which challenges the sufficiency of the facts alleged. *Donaldson* v. *State ex rel.* (1913), 182 Ind. 615, 101 N. E. 485.

However, an examination of the complaint reveals that the appellee was a proper party. Under the allegation of the complaint, the position most favorable to the appellants' contention would be that both the appellee and the Williamson Heater Company were proper parties to the action. Under these facts, the issue is not one of real party in interest, but is one of defect or misjoinder of parties-plaintiff. The rule upon this latter issue has been correctly stated as follows in Flanagan's Indiana Pleading and Procedure, at page 77, ch. 10, §37:

"Defect of parties means that there are *too few* parties, not too many. As applied to joinder of plaintiffs it means that a person who must be made a plaintiff has not been joined. *Rich* v. *Fry* (1925), 196 Ind. 303, 146 N. E. 393, re-

hearing denied 196 Ind. 303, 148 N. E. 202. If a person who must be joined as plaintiff is not so joined and the defect appears on the face of the complaint, the question must be raised by a demurrer on the ground 'that there is a defect of parties plaintiff' and the names of the parties to be joined must be given in the demurrer. If the question is not so raised, it is waived. *Rich* v. *Fry* (1925), 196 Ind. 303, 146 N. E. 393, rehearing denied 196 Ind. 303, 148 N. E. 202; *George* v. *Massey Harris Co.*, 109 Ind. App. 305, 34 N. E. 2d 956; *Danville Trust Co.* v. *Barnett*, 184 Ind. 696, 111 N. E. 429; *Rodebaugh* v. *Rodebaugh*, 79 Ind. App. 324, 138 N. E. 263."

We do not decide whether the Williamson Heater Company was either a necessary or proper party plaintiff inasmuch as the appellants asserted as grounds for his demurrer that the complaint "does not state facts sufficient to constitute a cause of action" and did not specifically assert that "there is a defect of parties-plaintiff" and support the latter ground by proper memorandum. Error, if any, because of a defect of parties-plaintiff is waived.

Judgment is therefore affirmed.

NOTE.—Reported in 111 N. E. 2d 80.