Campbell, J.:
In 1865 one Benjamin F. Bush became the purchaser of one hundred and twenty acres of land in Kent county, paying to the state land office one-fourth of the purchase money and receiving the ifSual certificate. He died in 1866. In October, 1869, the land was offered for sale as land which had become forfeited, and complainant, on the 28th of October, 1869, bid it off, and paid to the state treasurer one hundred and twenty dollars, by means whereof he became, as he avers, entitled in one year thereafter to a cértificate of purchase if the land was not redeemed.
On the 13th of November, 1869, the land was redeemed by James A. Smith. Complainant was at once notified of the fact and that his payment would be refunded on surrender of his bid. On the 31st of December, 1870, he was again notified to surrender his bid and take his money, as it was necessary to close up that kind of business on the books. A similar notice was sent him in November, 1873.
On the 18th of May, 1871, defendant, claiming to hold the Bush title through several mesne assignments, paid up the amount remaining due on the purchase money, and on the next day received his patent.
This suit was brought in August, 1874, to compel an assignment to complainant of the patented lands, on the ground that the titles set up under the original purchaser, Bush, were derived under a forged assignment, and therefore void, and gave no right to redeem the lands from complainant’s purchase.
James A. Smith, when he redeemed, was guardian of the * heirs of Bush. He was therefore entitled to redeem on their behalf, and could not by redeeming destroy their rights, if their father had not parted with his title. He was therefore justified in one capacity or the other to make the redemption, *293 .and Bush’s heirs, who are not parties to this controversy, cannot now be precluded from any rights which really belong to them. If the Bush transfer was forged, as the evidence tends to show it very probably was, the heirs are entitled to the land. If not forged, then the redemption enured to the holders of the Bush title. In either case the redemption was sufficient to cut off complainant’s right to the land.
While I am individually inclined to regard a redemption when made as sufficient, in all eases and by whomsoever made, to save the title to the real owner, whoever he may be, and am also of opinion that complainant’s course, in not taking any ■steps to prevent the commissioner from dealing with the land, estopped him, if he had any rights otherwise, yet these questions are not important when the redemption appears to have been made by an authorized person, and no decision of them is necessary in this case.
The decree dismissing the hill was properly granted, and should he affirmed, with costs.
The other justices concurred.