LYMAN H. AUSTIN v. JOSIAH M. DEAN, JOEL A. SIMONDS, EDWARD L. BRIGGS AND ERASTUS U. KNAPP.

*Title under a forgery—Purchasers in good faith—Establishment of trust in lands held by others.*

Good faith does not give one who holds under a forged title any rights against the person whose name has been forged, or his heirs.

A *bona fide* purchaser under a patent from the State is entitled to protection.

One who knew of a dispute as to the genuineness of an assignment of a land certificate, but who bought under a patent taken out by the holder of the certificate, was *held* not to be a purchaser in good faith without notice.

A bill to establish a trust in lands wrongfully patented was maintained with costs of both courts against the patentee and defendants claiming under him with notice, but dismissed as to purchasers in good faith with costs to them.

Where advances made by parties who have no equities, are counterbalanced by profits received, they will not be considered.

Appeal from Kent. Submitted Jan. 24. Decided Jan. 31.

BILL to remove cloud from title. Complainant appeals.

*Taggart & Wolcott* for complainant. Title based on a forgery is void even in the hands of a *bona fide* purchaser, Kerr on Fraud, 314; the purchaser of an equitable title holds subject to equities against the vendor, *Boone v. Chiles*, 10 Pet., 200; *Shirras v. Caig*, 7 Cr., 48; *Jones v. Powles*, 3 Myl. & Keene, 581; *Brush v. Ware*, 15 Pet., 105.

*H. Joslin* and *Simonds & Fletcher* for defendants. The purchaser of a land certificate in good faith for a valuable consideration, and without notice of its being held in trust, acquires valid rights under it, *Damouth v. Klock*, 29 Mich., 289; 2 Story's Eq. Jur., § 977; 2 Crabbe on Real Property, p. 423; Perry on Trusts [2d ed.], § 830.

CAMPBELL, C. J.    Austin, as grantee of the heirs of Benjamin F. Bush deceased, brought this suit to establish a trust in certain lands in Kent county, entered by Bush at the State land office in 1865, and patented to Knapp as alleged assignee of the certificate, July 19, 1871.

Knapp conveyed to Dean January 16, 1877, having previously, November 15, 1872, mortgaged the land to Joel A. Simonds for $2,000, of which $1,000 remains unpaid. Dean on the 8th of February, 1877, mortgaged to Briggs for $500.

Knapp's assignment on which he got out the patent

was obtained through a series of *mesne* assignments purporting to have been from Bush to Silas A. Cole, from Cole to James A. Smith, from James A. to Canton Smith, and from Canton Smith to Knapp. The assignment to Cole is claimed not to have been genuine.

Upon this there is no very good ground for dispute. It was delivered—if delivered at all—a considerable time after Bush's death, and there is no question, we think, of its fabrication. It is not important to know who forged it, as it was not done by the heirs who were minors, nor have they profited by it.

There can be no such thing as a *bona fide* holder under a forgery, whose good faith gives him any rights against the party whose name has been forged or his heirs. And while we think the testimony indicates that Mr. Knapp had enough knowledge to put him on inquiry, yet this is not material, inasmuch as he could gain no rights with or without notice. He took his patent from the State in trust for the heirs of Bush.

But having obtained the state patent which invested him with the legal title, we think the good faith of his grantees becomes very important. A *bona fide* purchaser under the patent is entitled to protection. This makes it necessary to consider the antecedents of the parties.

A suit was brought in 1875 by one James Johnson against Knapp concerning this same land, in which Johnson claimed as purchaser at a sale had for forfeiture by reason of non-payment of interest to the State. It then appeared that James A. Smith had redeemed under the Bush contract. Johnson contested his right to redeem, because of the forgery of the assignment under which he claimed. But as Smith was guardian of the minor heirs it was held by this court that if the assignment was genuine he could redeem in his own right, while if forged, the redemption by him as guardian would be valid and enure to the heirs. On this ground we decided against Johnson. *Johnson v. Knapp*, 35 Mich., 307.

Dean was a witness in that case and knew what the

controversy was. The evidence is strong that even before the issue of the patent he knew that there were disputes concerning the genuineness of the Cole assignment. He certainly knew it before he took his title. He is not a purchaser in good faith without notice.

The evidence satisfies us that Briggs knew nothing of the difficulties until he took his mortgage. It was given in good faith partly for an old and partly for a new debt, and we think he should be protected. There is no evidence whatever impeaching the Simonds mortgage.

In our opinion neither Knapp nor Dean have any equities, and each of them has succeeded in obtaining on mortgage very much beyond any advances. Without considering, therefore, whether such advances could under the circumstances of this case become equitable charges, they are counterbalanced by the profits received. This complainant is only interested in the lands.

We think the court below erred in dismissing the bill as to Knapp and Dean, and that as to them the relief prayed should have been granted and conveyances decreed. Knapp was a proper party as the original wrongful patentee, and having defended on the merits is with Dean liable for the costs of both courts. As to Simonds and Briggs the decree dismissing the bill must be affirmed with costs.

The other Justices concurred.