Thalls *et al. v.* Smith.

---------------◆---------------

No. 17,087.

THALLS ET AL. *v.* SMITH.

MORTGAGE.—*By Husband and Wife on Land Held by Entireties.—Subsequent Acquisition of Title to Whole by Husband.—Lien of Mortgage.—Divestment of.*—If at the time a husband and wife executed a warranty mortgage on certain land, to secure the husband's debt, they held it as tenants by entireties, of which fact the mortgagee was ignorant, and believed the title to be in the husband, but subsequently the husband acquires title to the whole of the land described in the mortgage, such mortgage became a binding lien on the land, and he can not divest such lien by a subsequent conveyance.

From the Huntington Circuit Court.

*M. L. Spencer* and *W. A. Branyan,* for appellants.

*C. W. Watkins,* for appellee.

Thalls *et al. v.* Smith.

COFFEY, C. J.—This was an action by the appellee, Jane A. Smith, against the appellant Mary E. Thalls, and others, to foreclose a mortgage. The mortgage was executed by the appellant, Mary E. Thalls and her husband Samuel Thalls, to the appellee on the 28th day of July, 1884, to secure a promissory note of that date, executed by the said Samuel Thalls to the appellee. At the time of the execution of the mortgage, the real estate therein described was held by the appellant and her husband as tenants by entirety, but of this fact the appellee was ignorant, believing the title to be in Samuel Thalls. The mortgage contains full covenants of warranty. On the 26th day of September, 1887, the appellant and her husband conveyed the land to M. L. Spencer, who, on the same day, conveyed it to Samuel Thalls.

On the 17th day of December, 1887, the appellant and her husband conveyed the land to James C. Branyan, who, on the same day, conveyed it to the appellant and her husband, to be held by them as tenants by entirety. Samuel Thalls departed this life, insolvent, before the commencement of this suit.

It is claimed by the appellant that the debt attempted to be secured by the mortgage in suit was the individual debt of her husband, Samuel Thalls, and that the mortgage is, therefore, void; while, on the other hand, it is claimed by the appellee that the appellant is estopped from denying the validity of the mortgage.

We do not stop to inquire whether the appellant could have made a successful defense against this mortgage had the title to the land therein described remained in her and her husband, for the reason that we are of the opinion that if she had such defense it was lost when the title vested in the husband alone.

Had this suit been instituted while the husband held

the title it is very clear, we think, that neither he nor this appellant could have defeated a foreclosure on the ground that the mortgage was executed as surety for his debt.   If such a defense could not have been made it is plain that he could not confer upon the appellant the right to make it by a subsequent conveyance.

If one who executes a warranty mortgage without title subsequently acquires the title such acquisition inures to the benefit of the mortgagee, and the mortgagor will be estopped from denying that he had title at the date of such mortgage.   *Pancoast* v. *Travelers Ins. Co.*, 79 Ind. 172; *Boone* v. *Armstrong*, 87 Ind. 168; *Curren* v. *Driver*, 33 Ind. 480.

When Samuel Thalls acquired the title to the land described in the mortgage in suit, such mortgage became a binding lien on the land and he could not divest such lien by a subsequent conveyance.

The circuit court did not err in entering a decree of foreclosure in this case.

Judgment affirmed.

DAILEY, J., took no part in the decision of this cause.
Filed Dec. 13, 1894.