HEGEMAN ET AL. *v.* FETTY.

[No. 15,363.  Filed April 12, 1937.]

*Clarke & Clarke, E. J. Jacoby* and *K. W. Hadley,* for appellants.

*Fesler, Elam, Young & Fauvre,* for appellee.

LAYMON, J.—This is an appeal from a judgment in favor of appellee quieting her title to certain real estate against all appellants and all persons claiming by or through them, or either of them.

The complaint was in two paragraphs. To each paragraph of complaint appellant Hegeman unsuccessfully demurred for want of facts and thereafter filed his answer in general denial. The appellant The Railroadmen's Building & Savings Association filed its answer in two paragraphs, the first paragraph a general denial and the second paragraph alleging in substance that appellee had conveyed the real estate in question by warranty deed to appellant Hegeman; that thereafter said Hegeman executed a mortgage on said real estate to the appellant The Railroadmen's Building & Savings Association; and that said mortgage was a valid lien, prior and superior to the claim of the appellee. To this affirmative answer the appellee replied in three paragraphs, the first a general denial, the second alleging in substance that appellee's alleged signature to the purported deed, referred to and described in the second

paragraph of answer of the appellant The Railroadmen's Building & Savings Association, wherein the title to the real estate in question was conveyed to appellant Hegeman, was falsely forged and countersigned; that said purported deed was not the act or deed of appellee and was not delivered by her to anyone; that no consideration ever passed to appellee on account of said deed; and that at the time of the execution of the alleged mortgage from appellant Hegeman to the appellant The Railroadmen's Building & Savings Association the real estate in question was the property of appellee and not the property of appellant Hegeman. The third paragraph of reply is substantially the same as the second but alleges that appellee's signature to the deed was obtained by trick, artifice, or device and without fault or negligence upon the part of appellee. The cause was tried by the court, without the intervention of a jury, and on a special finding of facts and conclusions of law by the court, judgment was rendered in favor of appellee. To each of the conclusions of law as found by the court the appellants duly excepted. The appellants Hegeman and The Railroadmen's Building & Savings Association filed their separate and several motion for a new trial, which motion was overruled. Appellants then prayed and perfected this appeal, assigning as errors: (1) That the court erred in overruling the demurrer of appellant Hegeman to the amended complaint; (2) that the court erred in each of its conclusions of law on the finding of facts; (3) that the court erred in overruling appellant Hegeman's motion for a new trial; and (4) that the court erred in overruling the motion for a new trial filed by The Railroadmen's Building & Savings Association.

The causes set out in appellants' separate and several motion for a new trial and properly presented are substantially: (1) The special finding of facts is not sus-

tained by sufficient evidence; (2) the decision of the court is contrary to law.

Appellants fail to present and discuss in their brief their second assignment of error—that the court erred in its conclusions of law on the facts found.

The finding of facts by the court conforms to the allegations set out in appellee's second paragraph of complaint which charged that the purported deed from appellee to appellant Hegeman was obtained by trick, artifice, or device, and without fault or negligence on the part of appellee, and that said deed was never delivered. The finding of facts being predicated on the second paragraph, we are concerned only with the demurrer so far as it affects this paragraph. Appellant Hegeman, in his demurrer for want of facts addressed to the second paragraph of complaint, points out that said second paragraph alleges that the deed was obtained by fraud or mistake and fails to show a denial of a consideration received and also fails to plead a return of the consideration. We do not agree, however, with these contentions. This was not an action to rescind a voidable contract induced by fraud, but was an action to quiet title against a deed alleged to have been obtained by trick, artifice, or device and without fault or negligence on the part of the grantor, and that in truth and fact said deed was never delivered. The complaint does not affirmatively disclose that any consideration was paid to appellee for the deed involved. Further, the theory negatives any presumption of consideration. There was no error in overruling the demurrer.

Appellants Hegeman and The Railroadmen's Building & Savings Association assign as error the overruling of their motion for a new trial in which they challenge the sufficiency of the evidence to sustain the special finding of facts. The facts found by the trial court, so

far as they are pertinent to the questions presented in this court, are as follows:

"II. On October 27, 1930, there was recorded in Town Lot Record 868, at page 599, in the office of the Recorder of Marion County, Indiana, a warranty deed purporting to convey the real estate described in Finding No. 1, hereof, by said Emma Kersey Fetty to the defendant Frank A. Hegeman, which said deed was dated September 25, 1930, and said deed bears the certificate of Bernard C. Cartmel as Notary Public that said Emma Kersey Fetty acknowledged the execution of said deed before him as such Notary Public on September 25, 1930, and by virtue of said deed the defendant Frank A. Hegeman is claiming a valid title in fee simple to said real estate subject to the mortgage referred to in Finding III hereof.

"XI. Emma Kersey Fetty, the plaintiff herein, did not knowingly sign the deed described in finding No. II hereof. It was substituted for one of the copies of the proposition referred to in finding IX hereof and was unwittingly signed by Mrs. Fetty when she thought she was signing one copy of said proposition. This deed was not knowingly delivered to Mr. Cartmel or anyone else by Mrs. Fetty. When she delivered the papers which she had signed on September 25, 1930, to Mr. Cartmel, she thought she was delivering only a copy of the lease with option to buy, and a copy of the proposition as found in finding No. IX hereof. Mrs. Fetty was not negligent under all the circumstances in her conduct on September 25, 1930, when said deed was unwittingly signed by her. The papers presented and which she thought she was signing were read to her by Mr. Cartmel and she read them, but before she signed them Cartmel by some trick, artifice or manipulation substituted the deed referred to in finding No. II hereof for one of the copies of the proposition referred to in find-

ing No. IX hereof, and when she signed the deed she thought she was signing a copy of the proposition."

We deem it unnecessary to set out a summary of the evidence. We have examined the record and find that there is ample evidence to sustain the lower court in its finding that the deed involved was secured by trick, artifice, or manipulation without any negligence on the part of appellee and that said deed was not knowingly delivered to anyone. Under the finding of facts by the court the deed involved was void and did not convey title in the real estate in question to the grantee therein named, appellant Hegeman, or any person claiming by or through said grantee. In the case of *Price* v. *Huddleston* (1906), 167 Ind. 536, 542, 79 N. E. 496, the court said:

> "This answer is ruled by the principle declared in *Cline* v. *Guthrie* (1873), 42 Ind. 227, 13 Am. Rep. 357, as follows: 'The party whose signature to a paper is obtained by fraud as to the character of the paper itself, who is ignorant of such character, and has no intention of signing it, and who is guilty of no negligence in affixing his signature, or in not ascertaining the character of the instrument, is no more bound by it than if it were a total forgery, the signature included.' This doctrine has been often reasserted in this court. See *Webb* v. *Corbin* (1881), 78 Ind. 403, and cases cited; *Home Nat. Bank* v. *Hill* (1905), 165 Ind. 226, and cases cited."

In the case of *Henry et al.* v. *Carson* (1884), 96 Ind. 412, 422, the court said:

> "A deed, delivered without the knowledge, consent or acquiescence of the grantor, is no more effectual to pass title to the grantee than if it were a total forgery, although the instrument may be spread upon the record, and innocent purchasers are not protected. *John* v. *Hatfield*, 84 Ind. 75; Pom. Eq. Jur. 735, 779, 807, 821; Bigelow Fraud,

156; *Austin* v. *Dean,* 40 Mich. 386; *Ramsey* v. *Riley,* 13 Ohio 157; *Van Amringe* v. *Morton,* 4 Whart. 382."

The appellant The Railroadmen's Building & Saving Association makes no complaint in this appeal on the issue presented by its second paragraph of affirmative answer.

We conclude that there was no error in overruling appellants' motion for a new trial.

Judgment affirmed.