PENSION FUND OF DISCIPLES OF CHRIST *v.* GULLEY ET AL.

[No. 28,438. Filed October 22, 1948.]

*Harding & Harding, Harry Fine,* all of Crawfordsville, and *Johnson, Zechiel & Johnson,* all of Indianapolis, attorneys for appellant.

*Foley & Foley,* both of Crawfordsville, and *Fenton, Steers, Beasley,* and *Klee,* all of Indianapolis, attorneys for Gulley, and *Kane, Blain & Hollowell,* all of Indianapolis, attorneys for Helen Tucker, appellees.

STARR, J.—On November 29, 1940, the appellant started this action to foreclose a certain mortgage on real estate located in Hendricks County. From a judgment in favor of the appellees, rendered June 18, 1946, this appeal is prosecuted.

No questions have been raised as to the sufficiency of the pleadings or the form of the judgment rendered herein. The appellant has assigned as error the overruling of its motion for a new trial, the grounds of which motion are that the decision of the court is not sustained by sufficient evidence and is contrary

to law. Under this assignment the appellant questions only the evidence.

The admitted facts in this case disclose that on or about September 17, 1938, one Bernice E. Shirley, who was then the owner of the involved real estate, conveyed the same by warranty deed to Charles F. Tucker and Helen Claire Tucker, who were then husband and wife, and who, by virtue of said conveyance, became owners of the property as tenants by the entirety; that on or about December 12, 1938, and while the said Tucker and Tucker were the owners of said real estate as tenants by the entirety, the said Charles F. Tucker delivered to the appellant a series of notes in the aggregate sum of $15,000 along with a warranty mortgage covering the involved real estate to secure said notes; that the mortgage and each of the notes purported to be signed by Charles F. Tucker and Helen Claire Tucker; that upon the receipt of the mortgage and notes, appellant advanced to Charles F. Tucker the sum of $15,000; that the signature of Helen Claire Tucker to said mortgage and to each of said notes was forged by Charles F. Tucker, which fact was unknown to the appellant who was under the impression, at the time it advanced the money, that they were loaning the same to both the husband and wife; that Helen Claire Tucker has never ratified the execution of this mortgage or said notes and has received none of the benefits from the loan; that at the time of the bringing of this action Bernice E. Shirley had on file in the Hendricks Circuit Court, a suit against Tucker and Tucker, wherein she was seeking to set aside her said conveyance of the involved property, and to quiet her title thereto. This suit was based on the ground that her deed had been procured by fraud on the part of the grantee, Charles F. Tucker. It was due to this suit

that Bernice E. Shirley was made a party defendant to the present action; that on December 6, 1941, a decree was entered in the suit of Bernice E. Shirley, setting aside her afore-mentioned deed, and her title to the involved property was quieted as against Tucker and Tucker.

During the course of the present litigation, the death of Bernice E. Shirley was suggested to the trial court, and appellees, Otis E. Gulley, as executor of her will, and Otis E. Gulley as trustee of her will, were substituted and made parties defendants.

On March 6, 1941, Helen Clare Tucker, filed suit for divorce against Charles F. Tucker, which resulted in a decree in her favor on January 11, 1942.

At the second trial of this cause, judgment was rendered in favor of the appellee, Helen Claire Tucker, and against the other appellees herein. This judgment was rendered more than ninety days prior to the filing of the transcript herein. Only the defendants against whom judgment was rendered, filed a motion for new trial, which was granted and resulted in the judgment herein appealed from. This appeal is therefore dismissed as to Helen Claire Tucker.

Appellant's contentions are: first, that although the mortgage was executed by the husband alone, he had a mortgageable interest because his mortgage is not void but subject to defeat only in case his wife survives; second, that not having been made a defendant to the suit of Bernice E. Shirley to set aside her deed of conveyance, it is not bound by the decree therein, that by this decree the Tuckers became tenants in common of the involved real estate, and by virtue of the warranties in the mortgage, the acquisition of Charles F. Tucker inured to the benefit of the ap-

pellant as such mortgagee; and lastly, conceding that the mortgage is void because the husband signed it alone, still the appellant should recover because where one of two innocent parties must suffer through the fraud of a third party, the loss should fall upon him who put it in the power of such third person to do the wrong.

The said Tucker and Tucker, at the time the involved real estate was mortgaged, held the estate therein as one person—they held it *per my et non per tout*—neither had a separate estate. This unity prevented either, during their marriage, from holding any moiety or devisable interest capable of being divested by the individual act of the other. *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 96 N. E. 627.

This court has held that a mortgage executed by the husband alone on land held by the entireties, is void in a suit to quiet title brought by a remote grantee of the husband and his wife. *Chandler, by Moore, Guardian,* v. *Cheney* (1871), 37 Ind. 391, 399.

In some jurisdictions it has been held that the husband may convey his interest in an estate by the entirety without the assent of his wife, and in case the husband survives the wife, the purchaser takes the fee in the land—such is not the law in this state; the mortgage is void as to both the husband and wife. *Chandler, by Moore, Guardian,* v. *Cheney, supra.* See also *Enyeart* v. *Kepler et al.* (1888), 118 Ind. 34, 20 N. E. 539; *Dodge* v. *Kinzy et ux.* (1884), 101 Ind. 102.

Appellant seems to rely on *Thalls et al.* v. *Smith* (1894), 139 Ind. 496, 39 N. E. 154, wherein it was

held a warranty mortgage covering an estate by entireties executed by husband and wife to secure the debt of the husband which was executed at a time when the wife could not be a surety for her husband, could be foreclosed after the title had, by conveyance, been placed in the husband. This decision was placed on the ground that the after-acquired title inured to the benefit of the mortgagee. The facts in the case at bar differ from those in the foregoing case. Here title was not placed in the husband by conveyance or otherwise. The decree of divorce was rendered after the husband and wife had been divested of all their title by the decree restoring the title in Bernice E. Shirley. The fact that the last mentioned decree was made in a suit to which appellant was not a party is of no consequence. The divorce decree could not have the effect of making Charles F. Tucker a tenant in common of land in which neither he nor his wife had any interest at the time it was rendered. Also, in the foregoing case, there was not, as here, a third party with a paramount equity in the real estate.

The appellant cannot invoke the equitable maxim that when one of two innocent parties must suffer through the fraud of a third party, the loss should fall upon him who put it in the power of such third person to do the wrong. When the appellant accepted the mortgage and the notes secured thereby, it was bound to know whether the wife's signature was genuine. *Hamilton Nat. Bank* v. *Nye* (1906), 37 Ind. App. 464, 77 N. E. 295. In order to be assisted by equity the appellant had to be a bona fide purchaser—this it was not. To be a bona fide purchaser the mortgage when made, had to be genuine as well as appearing on its face to be a mort-

gage. *Moffat* v. *United States* (1884), 112 U. S. 24, 28 L. ed. 623, 5 S. Ct. 10. In the last cited case, speaking of a bona fide purchaser, it is said, "Even in the case of negotiable instruments, where the doctrine is carried farthest for the protection of subsequent parties acquiring title to the paper, it cannot be invoked if the instrument be not genuine, or if it be executed without authority from its supposed maker." Not being a bona fide purchaser, as herein defined, appellant can have no claim to any equities in the involved real estate. The wrong against the appellant was the fraudulent acts of Charles F. Tucker in representing to it that the mortgage and notes were genuine.

Appellees contend that appellant's bill of exceptions is not in the record due to the fact that the trial judge's certificate fails to state that said bill contains all the evidence. Although this certificate is not in the form we would recommend, yet it is our opinion that read as a whole it fairly indicates that this bill does contain all the evidence.

Judgment Affirmed.

NOTE.—Reported in 81 N. E. 2d 676.