In re Gregory A. MYERS, Sr., Debtor.

**Gregory A. Myers, Sr., Lori A. Myers, Plaintiffs,**

v.

**Household Finance Corp., III, Defendant.**

**Bankruptcy No. 00–12419.**
**Adversary No. 00–1411.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

March 27, 2001.

---

**7.** The Debtor offered no proof in support of this unsubstantiated assertion.

Andrew M. Eberly, Indianapolis, IN, for Household.

Ward Miller, Fort Wayne, IN, for Debtor.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

The Debtor, Gregory Myers, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. He and his non-debtor spouse own real estate as tenants by the entireties. The Defendant, Household Finance, claims to hold a mortgage upon that property. The Debtor and

his wife contend that her signature on the mortgage is a forgery. By this adversary proceeding they have asked the court to declare the mortgage invalid.

 The Defendant did not answer the complaint within the time required and was defaulted. Plaintiffs then sought the entry of a default judgment. This motion was scheduled for a hearing. In doing so, the court indicated that, in view of the fact that the bankruptcy case was pending under Chapter 7 and the rights of the trustee, it also wanted to address the question of whether Plaintiffs had standing to challenge the validity of Defendant's mortgage and, if not, whether the action should be dismissed. *See, Matter of Perkins,* 902 F.2d 1254, 1258 (7th Cir.1990)("When a third party tries to assert an action still vested in the trustee, the court should dismiss the action."). At the hearing, Plaintiffs' counsel indicated that the complaint is based upon § 522(h) of the United States Bankruptcy Code, which gives a debtor the opportunity to use the trustee's avoiding powers in certain circumstances. In this instance, Plaintiffs seek to use the Trustee's rights as a BFP under § 544(a)(3).[1] The court gave the parties[2] the opportunity to submit briefs as to whether the Plaintiffs may properly do so

and that issue is now before the court for a decision.

 To justify their right to prosecute this case, the Plaintiffs rely upon 11 U.S.C. § 522(h). This portion of the Bankruptcy Code gives a debtor the opportunity to use powers ordinarily reserved to the bankruptcy trustee to avoid certain transfers of the debtor's property, if the trustee fails to do so and the property in question could have been claimed as exempt. *See,* 11 U.S.C. § 522(h). Section 522(g) imposes some additional restrictions on this opportunity, by preventing the avoidance of transfers that were voluntary, 11 U.S.C. § 522(g)(1)(A), or that the debtor concealed. 11 U.S.C. § 522(g)(1)(B). Nonetheless, where all of the statutory requirements have been met, a debtor may use the trustee's avoiding powers for its own benefit. *See, e.g., In re DeMarah,* 62 F.3d 1248, 1250 (9th Cir.1995); *In re Merrifield,* 214 B.R. 362, 365 (8th Cir. BAP 1997). This does not mean, however, that a debtor may exercise all the rights and powers of a trustee. Section 522(h) only allows "[t]he debtor [to] avoid a *transfer* of property ... if—such *transfer* is avoidable by the trustee ...." 11 U.S.C. § 522(h)(1)(emphasis added). Consequently, unless the conduct a debtor seeks to challenge involves a "transfer of proper-

---

**1.** Nothing in Plaintiffs' complaint or in their motion for a default judgment indicates that it is based upon any provision of the Bankruptcy Code; § 522 and § 544 are never mentioned. Furthermore, the court's subject matter jurisdiction is based upon the "related to" jurisdiction of 28 U.S.C. § 1334(b), rather than the "arising under title 11" portion commonly associated with actions founded upon the provisions of the Bankruptcy Code. *See, In re Spaulding & Co.,* 131 B.R. 84, 88 (N.D.Ill. 1990).

**2.** The Defendant appeared at the hearing on Plaintiffs' motion and asked that the entry of default be set aside. That request was denied. This does not mean, however, that the Plain-

tiffs automatically win or that the Defendant may not participate in the litigation. A default operates only as an admission of the well-pleaded factual allegations contained in the complaint. *Dundee Cement Co. v. Howard Pipe & Concrete Prod.,* 722 F.2d 1319, 1323 (7th Cir.1983); *Nishimatsu Construction Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975). Even after default, a defendant is still entitled to challenge the legal sufficiency of the complaint and whether its allegations state a claim upon which judgment may be entered. *Nishimatsu Construction,* 515 F.2d at 1206–07. *See also, Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir.1978).

ty," § 522(h) does not authorize the debtor to prosecute the action.

Among the avoiding powers § 522(h) gives a debtor access to are the trustee's rights as a bona fide purchaser of real property. See 11 U.S.C. § 544(a)(3). Plaintiffs contend that the Trustee could use his status as a BFP to avoid the Defendant's forged mortgage and that he has not done so, with the result that the Debtor may. In response, the Defendant argues that the Debtor has not fulfilled all of the conditions of § 522(h). Defendant points to the fact that the Debtor signed the mortgage; it is only his wife's signature that is alleged to be a forgery. Therefore, it contends that, at least as to Mr. Myers—who is the only Plaintiff that can actually use § 522(h) since Mrs. Myers has not filed bankruptcy—the transfer was voluntary. See, In re Kildow, 232 B.R. 686 (Bankr.S.D.Ohio 1999).

■■■ Both parties have built their arguments upon an erroneous assumption. The Plaintiffs, by seeking to use § 522(h) to avoid the "transfer" represented by the forged mortgage, and the Defendant, by arguing that as to the debtor the "transfer" was voluntary, are working from the proposition that a forged mortgage has some type of validity. This assumption is wrong. A forged document—be it a deed or a mortgage—conveys nothing. It is a nullity. See, e.g., 23 Am.Jur.2d Deeds § 190 (1983). Consequently, a forged mortgage is invalid, see, Beneficial Mortgage Co. v. Powers, 550 N.E.2d 793 (Ind.App.1990)(lender could not enforce a

mortgage upon entireties property where the wife's signature had been forged), and does not transfer any interest in property. Cf. Williams v. Ketcham, 37 Ind.App. 506, 77 N.E. 285 (1906)(mortgage resting on a forged deed conveys no rights); Adams v. Citizens' State Bank, 70 Ind. 89 (1880)(purchaser of mortgage with forged endorsement did not obtain title and could not enforce mortgage against land); Hegeman v. Fetty, 103 Ind.App. 291, 7 N.E.2d 518, 520 (1937)(en banc). Furthermore, in Indiana a mortgage on property owned as tenants by the entireties which is executed only by the husband is void. See, Pension Fund of Disciples of Christ v. Gulley, 226 Ind. 415, 81 N.E.2d 676 (1948).

■■■ Once we realize that a forged mortgage does not transfer any kind of an interest in property, it becomes clear that Plaintiffs' reliance upon the trustee's avoiding powers is misplaced. There is a significant difference between avoiding a transfer and declaring that no transfer has ever occurred. The first seeks to reverse the flow of events and return parties to positions they previously occupied. The second says that nothing has ever happened. In challenging the validity of Defendant's mortgage, Plaintiffs are really asking the court to determine whether a transfer ever occurred, not to undo one. Such a determination is not within the scope of § 522(h).

This conclusion preserves the distinction between rights given to a debtor by the Bankruptcy Code and rights it possesses as a matter of non-bankruptcy law.[3] Doing so is entirely consistent with § 522(h)

---

3. The court acknowledges that a BFP could bring an action to determine the validity of Defendant's mortgage; so too could the trustee. Yet, this is not because of any special status the law gives to either of them. They could to do so because of their interest in the property. The Plaintiffs are no different. No one would seriously suggest that the owner of

property clouded with a forged mortgage or a forged deed would have to prove its status as a BFP before it could challenge the forgery. As the owners of the property, Plaintiffs have the right under non-bankruptcy law to challenge the validity of Defendant's mortgage. They can do so without having to clothe themselves in the powers of a bankruptcy trustee

and the opportunity it gives bankruptcy debtors to avoid certain transfers. Section 522(h) was designed to give debtors the opportunity to exercise rights they would not otherwise have. The transfers it allows them to challenge involve either a cause of action created by the Bankruptcy Code or rights that only exist because the Bankruptcy Code gives them to the debtor. For example, outside of bankruptcy, no one would allow a debtor to recover a payment or avoid a lien one of its creditors was able to obtain simply because it allowed that creditor to fare better than other creditors; yet, by giving the debtor the opportunity to avoid preferential transfers, through § 547, the Bankruptcy Code does. Similarly, outside of bankruptcy, a debtor would not automatically have the opportunity to claim the status of a BFP—it would have to prove that it actually was one—or to claim rights that otherwise would belong to its creditors; yet, the Bankruptcy Code gives it these opportunities, through § 544(a)(3) and (b)(1). If non-bankruptcy law gave debtors such powers, they would not have to assert the rights of the trustee; they could rely upon their own.

Section 522(h) only allows a debtor to prosecute actions designed to avoid a transfer of property. It does not authorize suits seeking declaratory relief. The present action seeks only declaratory relief—that Defendant's mortgage is an invalid forgery—and not the avoidance of

any transfer to the Defendant. Accordingly, it is not based upon and states no claim under § 522(h). Since there is no other authority which would give the Plaintiffs standing to assert the rights of Mr. Myers' bankruptcy trustee, the case must be dismissed.[4] *Perkins,* 902 F.2d at 1258. This conclusion does not work any real hardship upon the Plaintiffs or somehow prevent them from challenging Defendant's mortgage. It only means that they will have to assert the rights they have under Indiana law in the Indiana courts.

Judgment will be entered accordingly.

---

and without having to rely upon any rights other than their own.

4. Plaintiffs' action is based only upon § 522(h). They are not relying upon or asserting any rights they may have under Indiana law to challenge Defendant's mortgage. If they were, there would be substantial questions concerning the court's subject matter jurisdiction and whether such an action was "related to [a case] under title 11." *See,* 28 U.S.C. § 1334(b); *Matter of FedPak Sys., Inc.,* 80 F.3d 207, 214 (7th Cir.1996)(re-

lated to jurisdiction is interpreted narrowly "to prevent the expansion of federal jurisdiction over disputes that are best resolved by the state courts."). Since the present action is based upon a particular provision of the Bankruptcy Code, the "arising under title 11" portion of § 1334(b) gives the court jurisdiction to decide whether § 522(h) authorizes the relief Plaintiffs seek. Having concluded that it does not, the court's inquiry is at an end.