In re Stefanie BUCHHOLZ, Debtor.

Stefanie Buchholz, Plaintiff,

v.

The Pacesetter Corporation, Defendant.

Bankruptcy No. 02–31742.
Adversary No. 03–7005.

United States Bankruptcy Court,
D. North Dakota.

July 10, 2003.

James J. Coles, Coles Law Firm, P.C., Bismarck, ND, for Debtor.

Michael L. Wagner, Bismarck, ND, trustee.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This adversary proceeding arises by Complaint filed by Plaintiff/Debtor Stefanie Buchholz on January 21, 2003, seeking a determination that a mortgage on her homestead held by the Defendant. The Pacesetter Corporation (hereinafter "Pacesetter"), is invalid pursuant to 11 U.S.C. §§ 522 and 544. Specifically, she alleges that the mortgage was obtained and recorded without her signature and that the signature on the mortgage is a forgery. By Answer filed February 26, 2003, Pacesetter denies the allegations.

The matter was tried before the Court on May 20, 2003. The following constitutes this Court's findings of fact and conclusions of law:

## I. FINDINGS OF FACT

The Debtor owns a house in Menoken, North Dakota. In early 2001 she received a telemarketing call about having her kitchen renovated through Pacesetter, and she agreed to meet with Judy Roshau, a representative of Pacesetter. On January 26, 2001, Roshau visited the Debtor's house, and the Debtor contracted with Pacesetter for the renovation of her kitchen pursuant to a written retail installment contract. The Debtor financed the renovation, which included the installation of cabinet doors and refacing and rebuilding cabinets and drawers, through Pacesetter. The Debtor met with Roshau only this one time.

Pacesetter claims to have a secured claim in the Debtor's house by virtue of a mortgage signed by the Debtor and recorded with the Burleigh County Recorder. An instrument purporting to be such mortgage is of record with the Burleigh County Recorder. The Debtor alleges that the signature on this instrument is a forgery.

During her testimony, the Debtor acknowledged that she entered into the contract with Pacesetter and that several of the contract documents contain her authentic signature and her authentic initials. She further acknowledged initialing the front page of the mortgage that provided the legal description for the property, but she testified that she did not sign the signatory page as the "mortgagor." She testified the signature on the second page of the mortgage is not hers and she does not have a copy of the mortgage documents. She also testified she first became aware of the alleged mortgage after she filed her bankruptcy petition. The Debtor identified several specific alleged inconsistencies in the signature on the second page of the mortgage and other samples of her signature admitted into evidence: the flow of the signature, the difference in the tail or curl to the left side of the letter "S," the formation of the letter "B." However, the Debtor conceded that her signature sometimes differs.

Judy Roshau testified that she was sure that the Debtor signed the mortgage. She recognized the mortgage purportedly signed by the Debtor as the standard mortgage document used by Pacesetter. She testified that she used the mortgage form many times during her employment with Pacesetter and that it was one that was completed in a buyer's home during the initial consultation.

At the time of the consultation with the Debtor, Roshau was a notary public. She testified that she received training on her responsibilities and duties, which included never allowing a person to sign a mortgage without her presence, never forging a signature, and never providing her signature as a notary without a customer's signature. She testified she did not forge the Debtor's signature on the mortgage and she did notarize the mortgage.

Roshau testified that the documents were signed at a table in the Debtor's residence and that Roshau and the Debtor were cramped for space. The various documents were slid around the table from Roshau to the Debtor, possibly affecting the way the Debtor signed the documents, Roshau suggested. Roshau did not have the legal description of the Debtor's property. She stated that the Debtor retrieved a document from another room in the house, and Roshau copied the legal description from the document to the mortgage. Roshau stated she thought she left a copy of the mortgage with the Debtor

because it was her standard practice to always leave a copy of the mortgage with a buyer. She did not receive any additional compensation from Pacesetter for having the Debtor finance the renovation through Pacesetter.

## II. CONCLUSIONS OF LAW

 The Bankruptcy Code delineates the powers of a bankruptcy trustee at 11 U.S.C. § 544. That section states, in pertinent part, that a trustee can attack any transfer of the debtor's property or any obligation incurred by the debtor that could be voided by:

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor. against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Otherwise stated, section 544(a)(3) vests the trustee with the rights of a bona fide purchaser (BFP) of real property and permits the invalidation of security interests in real property which are not properly perfected at the commencement of the case because the creditor has failed to fully comply with applicable state recording laws. *Drewes v. Security State Bank of Wishek (In re Nies)*, 183 B.R. 866, 868 (Bankr.D.N.D. 1995). The trustee's status as a hypothetical BFP is therefore paramount to the rights of a holder of an unperfected security interest, and a creditor whose security interest is avoided under section 544(a) is treated as a general unsecured creditor for bankruptcy purposes. *Id.* Substantive state law governing the property in question is determinative of whether the trustee's status as a BFP of real property is superior to the rights of a creditor. *Id.* at 869.

 In this case, the Debtor seeks to use the trustee's rights as a BFP. In her Trial Statement filed May 12, 2003, the Debtor states simply:

> Pursuant to 11 U.S.C. § 544 a trustee has the authority to avoid certain transfers as specified in that statute. Among other things, the trustee is granted the authority of the hypothetical bona fide purchaser of real property and the authority of the hypothetical judgment lienholder. This same authority is extended to the debtor under 11 U.S.C. § 522(h) in those situations where the trustee does not attempt to avoid the transfer and the debtor has exempted such property. Therefore, [the Debtor] has the authority to avoid such transfer if appropriate to the extent that it impairs the equity in her home which she has claimed as exempt.

Neither party further addressed the issue of the Debtor's standing under section 522(h) either at the hearing on the matter or in any of the documents filed with the court. Notwithstanding, the question of standing is a threshold issue in every federal case. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Within the bankruptcy context, a court must inquire as to whether the Bankruptcy Code can be properly understood as granting the plaintiff in question the right to seek judicial relief for the alleged impropriety. *Barnett Bank v. Trust Co. Bank (In re Ring)*, 178 B.R. 570 (Bankr. S.D.Ga.1995).

 Generally, only the trustee may bring an action to avoid a prepetition transfer. *See* 11 U.S.C. § 547(b) (stating "the *trustee* may avoid any transfer of an interest of the debtor in property") (emphasis added). A debtor has standing to avoid a transfer if: (1) an exemption would be available for the property upon avoidance; (2) the property was not transferred

voluntarily; and (3) the trustee has not sought to bring an avoidance action. *See* 11 U.S.C. § 522(g)-(h); *Montgomery v. Dennis Joslin Co. II, LLC (In re Montgomery)*, 262 B.R. 772, 776 n. 8 (8th Cir. BAP 2001); *James v. Planters Bank (In re James)*, 257 B.R. 673, 675 (8th Cir. BAP 2001). Unless the conduct a debtor seeks to challenge involves a transfer of property, section 522(h) does not authorize the debtor to prosecute the action.

In *Myers v. Household Finance Corp., III (In re Myers)*, 262 B.R. 445 (Bankr. N.D.Ind.2001), much like the facts in this case, a chapter 7 debtor and his nondebtor spouse brought an adversary proceeding seeking a determination that a purported mortgage on their real property was invalid pursuant to sections 544(a)(3) and 522(h) on the grounds that the spouse's signature was forged. The bankruptcy court sua sponte raised the issue of the standing of the debtor and his spouse to pursue the relief sought. *Myers*, 262 B.R. at 448. Without reaching the issue of the legitimacy of the allegedly forged signature, the court stated:

> A forged document—be it a deed or a mortgage—conveys nothing. It is a nullity. *See, e.g.*, 23 Am.Jur.2d Deeds § 190 (1983). Consequently, a forged mortgage is invalid, *see, Beneficial Mortgage Co. v. Powers*, 550 N.E.2d 793 (Ind.App.1990) (lender could not enforce a mortgage upon entireties property where the wife's signature had been forged), and does not transfer any interest in property.
>
> \* \* \* \* \* \*
>
> Once we realize that a forged mortgage does not transfer any kind of an interest in property, it becomes clear that Plaintiffs' reliance upon the trustee's avoiding powers is misplaced. There is a significant difference between avoiding a transfer and declaring that no

transfer has ever occurred. The first seeks to reverse the flow of events and return parties to positions they previously occupied. The second says that nothing has ever happened. In challenging the validity of Defendant's mortgage, Plaintiffs are really asking the court to determine whether a transfer ever occurred, not to undo one. Such a determination is not within the scope of § 522(h).

> This conclusion preserves the distinction between rights given to a debtor by the Bankruptcy Code and rights it possesses as a matter of non-bankruptcy law. Doing so is entirely consistent with § 522(h) and the opportunity it gives bankruptcy debtors to avoid certain transfers. Section 522(h) was designed to give debtors the opportunity to exercise rights they would not otherwise have. The transfers it allows them to challenge involve either a cause of action created by the Bankruptcy Code or rights that only exist because the Bankruptcy Code gives them to the debtor.

> \* \* \* \* \* \*

> Section 522(h) only allows a debtor to prosecute actions designed to avoid a transfer of property. It does not authorize suits seeking declaratory relief. The present action seeks only declaratory relief—that Defendant's mortgage is an invalid forgery—and not the avoidance of any transfer to the Defendant. Accordingly, it is not based upon and states no claim under § 522(h). Since there is no other authority which would give the Plaintiffs standing to assert the rights of Mr. Myers' bankruptcy trustee, the case must be dismissed. *[In re] Perkins*, 902 F.2d [1254,] 1258 [(7th Cir. 1990)]. This conclusion does not work any real hardship upon the Plaintiffs or somehow prevent them from challenging Defendant's mortgage. It only means

that they will have to assert the rights they have under Indiana law in the Indiana courts.

*Myers*, 262 B.R. at 448–49 (footnotes in omitted) (parallel citations omitted).

■ The Court finds the rationale of *Myers* persuasive, and has substantial reservations about the Debtor's standing to pursue this action. Nevertheless, the Court will address the merits of the Debtor's case.

The Debtor argues that an examination of the signature on the second page of the mortgage, compared to an examination of the Debtor's other signatures made on the same day, time, and location shows that substantial differences exist between the alleged signature on the second page of the mortgage and all of the other signatures. She also argues that a comparison of the signature at issue and other signature samples admitted into evidence, which predated the contractual transaction, further demonstrate that the signature is a forgery. The Debtor argues that although expert testimony was not offered by either the Debtor or Pacesetter, the Court may implement common sense and common knowledge to evaluate whether the signature at issue is authentic based on the testimony at trial and the signature samples admitted into evidence.

The Debtor also attacks the credibility of Roshau's testimony, suggesting that she has "an obvious bias" in favor of her employer, Pacesetter. Pacesetter disagrees and counters that Roshau had no reason to lie—her sales commission did not depend on whether the Debtor signed the mortgage, and Roshau did not have any motivation to provide tainted testimony to protect her job or her employer because Roshau is no longer employed by Pacesetter. Conversely, Pacesetter argues that the Debtor's credibility is questionable because she has a vested financial interest in the outcome of this matter. Specifically, if the mortgage is found to be invalid because of a forged signature, the Debtor will discharge the resulting unsecured debt and keep the improved property without having to pay Pacesetter for the improvements.

■ As the proponent, the Debtor has the burden of proving by a preponderance of the evidence that Pacesetter's security interest is unperfected. *See In re Davison*, 738 F.2d 931, 936 (8th Cir.1984) ("This placing of the burden comports with the general rule that a trustee in bankruptcy seeking to avoid a purported security interest bears the burden of proving the imperfection or invalidity of that interest.").

The only witnesses were the Debtor and Roshau. Roshau was a notary, and she testified that she was trained to provide her signature as a notary only when a customer signed a document in her presence. She testified that she notarized the mortgage and that she did not forge the Debtor's signature on the mortgage. Significantly, a handwriting expert did not testify, and Buchholz admitted that her handwriting is not always the same. The Court does not give any credence to the Debtor's suggestion that Roshau was biased in favor of Pacesetter. The Court finds that the Debtor failed to meet her burden of proving that the signature on the mortgage is a forgery and that the mortgage is therefore invalid.

Based on the foregoing, the Complaint filed by the Debtor, Stefanie Buchholz, is hereby dismissed.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**